WESTERN RANCHES, Limited, v. CUSTER COUNTY, MONT.

(Circuit Court, D. Montana. June 28, 1898.)

**1. PLEADING—ISSUES—ADMISSIONS IN PLEADINGS.**
In an action against a county to recover a tax alleged to have been illegally exacted, plaintiff may rely on statements made in defendant's answer as to the manner of making the assessment, as admissions, for the purposes of a motion for judgment on the pleadings.

**2. TAXATION—ADDITIONAL ASSESSMENT BY BOARD OF EQUALIZATION—NECESSITY OF NOTICE.**
Pol. Code Mont. § 3789 (Sand. Ed. p. 324), authorizes the board of county commissioners to direct the assessor to make new assessments or new lists of property omitted, but requires the clerk to notify all persons interested, at least 10 days before action is taken, of the day fixed for such action. *Held*, that such notice was designed to give the property owner an opportunity to appear and be heard, and is jurisdictional, and that a new assessment so made, of which the property owner was not notified until afterwards, was invalid.

**3. SAME—RECOVERY OF TAXES PAID—NECESSITY OF PRESENTING CLAIM.**
Pol. Code Mont. §§ 4024–4026, provide for an action to recover taxes paid under protest, "which shall supersede the remedy by injunction and all other remedies * * * to prevent the collection of taxes," except in unusual cases, where deemed by the court inadequate. It is also provided that a judgment in such action shall be presented to the board, allowed, and that the warrant issued thereon shall constitute a preferred claim against the county. *Held*, that a special remedy was thereby provided, and the presentation of the claim to the board was not a condition precedent to the bringing of suit, not being made so by the statute.

This is an action to recover a tax paid under protest, heard on cross motions for judgment on the pleadings.

Clayberg, Corbett & Gunn and C. S. Middleton, for plaintiff.
T. J. Porter and C. B. Nolan, for defendant.

KNOWLES, District Judge.    The plaintiff is a foreign corporation organized under the laws of Great Britain and Ireland.    This suit instituted by it against the county of Custer, Mont., has for its object the recovery of the sum of $7,374.35, money, it alleges, it unlawfully paid under protest to the treasurer of said county as taxes levied upon certain horses and cattle.    Plaintiff sets forth that it did not have in said county the horses or cattle named in the supplemental assessment made by the assessor of said county on the 7th day of August, 1895. The allegations of the complaint are that a firm known as Clay & Forrest were the agents of plaintiff; that through their agent, Jaffray, all of the property of plaintiff in Custer county was listed and assessed; that after the assessor of said county, one John I. Zook, had for the year 1895 completed and verified his assessment roll for said county, and deposited the same with one Swerdfiger, the county clerk for said county, one John McAusland, as deputy assessor of said county, upon his own motion, and without notice to plaintiff or to its agents, Clay & Forrest, or to E. G. Jaffray, their representative, made out said supplementary assessment list upon information therein. Ten thousand head of cattle and three hundred head of horses were assessed to plaintiff.    The horses were valued at $6,000, and the said cattle at $240,000.    It is also alleged that the county commissioners of said county met as a board of equalization on the third Monday in July, 1895, and continued in session up to and including the 10th day of August, 1895, and that the county clerk of said county delivered to said board of equalization the assessment roll of said county for said year, in the manner and at the time provided by law; that the said board of equalization took no steps, as plaintiff verily believes, for the purpose of raising the assessment upon plaintiff's property, or for the purpose of making any further assessment or levy of taxes against or upon plaintiff's property.

The defendant made its amended answer to this complaint.    In this answer defendant denies the allegations contained in subdivisions 14 and 15 of plaintiff's complaint.    In the fifteenth subdivision were the allegations which set forth, in effect, that the said John McAusland, upon his own motion, made this supplemental assessment, and that the said board of equalization did not direct the making of said supplemental list.    The answer then proceeds:

"And, in reference thereto, alleges that the board of county commissioners of Custer county met as a board of equalization, as required by the statutes of the state of Montana, on the 15th day of July, 1895, and remained in session continuously thereafter up to and including a part of the 24th day of July, 1895, at which time the said board adjourned to meet as a board of equalization on the 6th day of August, 1895.    On the 22d day of July, 1895, the said board of equalization directed the said John McAusland, deputy assessor of said county of Custer, to assess the plaintiff for ten thousand head of beef cattle and for three hundred head of saddle horses, for the reason that the said property, and the whole thereof, had escaped assessment for the year 1895; and that, in pursuance of said order, and not otherwise, the said deputy assessor, on the 7th day of August, 1895, assessed this said plaintiff for ten thousand head of beef cattle, of the value of two hundred and forty thousand dollars, and three hundred head of saddle horses, of the value of six thousand dollars.    That the said John McAusland, deputy assessor, as aforesaid, immediately after making the assessment list of the plaintiff as hereinbefore alleged, mailed a copy thereof to the last known

post-office address of the said Clay & Forrest, to wit, 663 Rookery Building, Chicago, Illinois, with postage thereon prepaid. Admits that no other notice of the assessment of plaintiff as aforesaid was given to plaintiff, or to the said Clay & Forrest, other than the mailing of the copy of the assessment list as aforesaid."

Plaintiff sets forth in its complaint:

"That on the —— day of June, 1896, plaintiff, through its agents, made application to the board of county commissioners of said county of Custer for an abatement of said alleged tax upon petition and affidavits duly verified; that said board of county commissioners absolutely refused to abate said alleged tax, or to grant plaintiff any relief in that behalf, but, on the contrary, directed the treasurer of said county to immediately proceed with the collection of said alleged tax; that the said treasurer of said county thereafter threatened to proceed with the collection of said alleged tax by seizure and sale of such property belonging to said plaintiff as might be found within the said county of Custer; that a large expense would be attendant upon such proceedings, and plaintiff's property would be greatly damaged and injured thereby; that, for the purpose of preventing the seizure and sale of the plaintiff's property upon such threatened collection of said alleged tax by said treasurer of said county, plaintiff involuntarily, and under written protest, paid the said alleged tax, claiming the same to be invalid and illegal, and notifying the said treasurer, at the time of said payment and protest, that plaintiff would institute suit against said county to recover back the amount so paid, with interest and costs."

The defendant, in its answer, admits all these last-named allegations of the complaint save the allegation that the said board of county commissioners directed the treasurer of said county to proceed with the collection of said tax.

Both parties made a motion for a judgment upon the pleadings,— the plaintiff upon the ground that the defendant shows by its answer that the tax was illegal, and admits that the same was paid under a protest, claiming its illegality. The defendant asks judgment upon the ground that the complaint does not state a cause of action, in this: that it does not appear that the plaintiff ever presented his claim to the board of county commissioners of Custer county for allowance, as required, it is claimed, by the statute law of Montana, before an action could be maintained upon the same. It will be seen that, while there is a general denial of the facts that the said assessor listed said property on his own motion, there is the statement that the listing of said property was done upon the order of the board of county commissioners of Custer county. It is not a question that seems to be well settled as to whether the plaintiff can rely upon these allegations in defendant's answer. The general rule is that each party is bound by the admissions made in his pleading. If the defendant makes an admission in his answer, the general rule is that he is bound by the same. People v. Stockton & C. R. Co., 49 Cal. 414; Lee v. Evans, 8 Cal. 424. I think, under the pleadings in this case, the plaintiff may rely upon these admissions. The defendant cannot object to the plaintiff's adoption of the same as true. Section 3789 of the Political Code of Montana (Sand. Ed. p. 324) is as follows:

"During the session of the board of county commissioners it may direct the assessor to assess any taxable property that has escaped assessment, or to add to the amount, number, or quality of property when a false or incomplete list has been rendered, and to make and enter new assessments (at the same time canceling previous entries) when any assessment by him is

deemed by the board so incomplete as to render doubtful the collection of the tax; but the clerk must notify all persons interested by letter deposited in the post office, postpaid and addressed to the person interested at least ten days before action is taken, of the day fixed when the matter will be investigated."

By the statements in the answer it will be seen that no notice was given to the plaintiff of the listing of its property under the order provided for in this section. The notice was given to Clay & Forrest after the listing of the property. The sending of the supplemental list to Clay & Forrest shows that it was known that they were the agents of plaintiff. Did the failure to give the notice before the listing of the property invalidate the tax? I think it did. The notice required by this section was for the protection of the taxpayer, and intended to give him a hearing before the listing of his property in a supplemental list, and was jurisdictional. Without such notice the board of equalization had no right to order the assessor to make the supplemental list. Cooley, Tax'n (2d Ed.) 362–366; French v. Edwards, 13 Wall. 506; Powder River Cattle Co. v. Board of Commissioners of Custer Co., 45 Fed. 323; Dykes v. Mortgage Co. (Kan. App.) 43 Pac. 268. This tax was then exacted when it was an illegal tax; that is, a tax which could not be demanded under the laws of the state. The allegations of the complaint are that the plaintiff paid this tax under protest, claiming that it was illegal, and notifying the treasurer at the time that he would bring a suit to recover the same back from Custer county. This is admitted by the defendant in his answer. It does not appear that plaintiff ever presented a bill to the board of county commissioners of Custer county for these taxes so paid, and requested of said board that it refund the same to plaintiff. Under these circumstances, can plaintiff maintain this action?

Section 4024 of Political Code of Montana is as follows:

"That in all cases of levy of taxes, licences or other demands for public revenue, which is deemed unlawful by the party whose property is thus taxed or from whom such tax or licence is demanded or enforced, such party may pay under protest such tax or licence, or any part thereof deemed unlawful, to the officers designated and authorized by law to collect the same; and thereupon the party so paying or his legal representative may bring an action in any court of competent jurisdiction against the officer to whom said tax or licence was paid, or against the county or municipality on whose behalf the same was collected, to recover such tax or licence or pay any portion thereof under protest."

Section 4025 of said Code is as follows:

"In case it be determined in such action that said tax or licence or any portion thereof so paid under protest was unlawfully collected judgment for recovery thereof and lawful interest thereon together with costs of action shall be entered in favor of the plaintiff; and upon being presented with a duly authenticated copy of such judgment the proper officer or officers of the county or municipality whose officers collected or received such tax, shall audit and allow such judgment and cause a warrant to be drawn * * * for the amount recovered by said judgment in favor of the legal holder thereof; which warrant shall be paid in preference to warrants of any other class drawn on such treasury."

Section 4026 provides:.

"The remedy hereby provided shall supersede the remedy of injunction and all other remedies which might be invoked to prevent the collection of

taxes or licences alleged to be irregularly levied or demanded, except in unusual cases where the remedy hereby provided is deemed by the court to be inadequate."

These sections provide a remedy for the collection of money paid for or on account of an illegal tax to the treasurer or tax collector of any county or municipality of this state. It gives this remedy upon a state of facts that would not have warranted any legal remedy before the passage of this statute. .Formerly an action could not be maintained for the recovery of taxes paid to a tax collector, although the tax was illegal, unless the payment was made under a duress of person or property. The payment of an illegal tax under protest was not sufficient to entitle a person to maintain an action to recover the money so paid. 18 Am. & Eng. Enc. Law, tit. "Payment," p. 220, and note. A payment made under protest does not imply any duress. Railroad Co. v. Commissioners, 98 U. S. 541. A protest is a notice that the party making the payment does not consider that the party demanding the same has the right to make the demand. Id. 541, 544. There may also be added to this, perhaps, a notice that a party making the payment of a tax considers the same illegal. The protest was sufficient, as alleged in this case, to give this notice. Before this statute was enacted, a party paying an illegal tax under protest had a remedy against the tax collector, county, or municipality for a recovery of the amount so paid if the same was paid under duress of person or property. This was in pursuance of a common-law right not given by statute. The claim against the county or municipality for the money so paid was a general one, and hence had to be presented to the board of county commissioners for allowance before an action could be maintained for the same. This was the condition of the law of Montana when the case of Powder River Cattle Co. v. Commissioners of Custer Co., 9 Mont. 153, 22 Pac. 383, occurred. The same condition of the law prevailed in Nebraska when the case of Railroad Co. v. Commissioners, 98 U. S. 541, arose. Here, under the statute under consideration, the right of action accrued when the proper protest was made. The wording of the statute indicates this. After a judgment is obtained against the county, a duly-authenticated copy of the same must be presented to the board of commissioners, and then the said board must audit and allow the same, and a warrant is to be drawn therefor, which shall be paid in preference to warrants of any other class. As a compensation for this duty on the part of the said board, it is provided that the remedy above given shall supersede the remedy by injunction and all other remedies which might be invoked to prevent the collection of taxes, except in unusual cases, when the remedy provided is deemed by the court inadequate. This is a special statute, and is intended to give an exclusive remedy, except in unusual cases, where there is a dispute as to the legality of the tax between a taxpayer and a county or municipality. End. Interp. St. § 154. When a special and exclusive remedy is given by a statute, we look alone to it, and are required to follow it. A condition not named in the statute is not required.

For these reasons, I hold that there was no necessity for presenting this claim of plaintiff to the board of county commissioners of Custer

county for allowance before plaintiff could maintain this action. The tax being an illegal one under the facts set forth in the answer, and paid under protest, the plaintiff was entitled to have the same refunded to him. The complainant, under the statute cited above, stated a cause of action, and it was not necessary that it should be shown that there was any demand upon the county commissioners for a repayment of the same. The plaintiff's motion for a judgment is sustained, and it is ordered that plaintiff have and recover of defendant the sum of $7,374.35, and legal interest thereon from the —————— day of ——————, and its costs of suit.