HILL ET AL., RESPONDENTS, *v*. COUNTY OF LEWIS AND CLARK, APPELLANT.

(No. 3,892.)

(Submitted February 26, 1918. Decided March 16, 1918.)

[171 Pac. 929.]

*Taxation—Estates of Deceased Persons—Executors and Administrators — Concealed  Property — Discovery — Validity  of Assessment.*

Taxation—Assessment to "Estate" of Decedent—Validity.
   1.   An assessment to the "estate" of a deceased person is tantamount to an assessment to his heirs, guardians of his heirs, executors of his will or administrators of his estate, as the case may be, if they have actual notice of it.

Same—Concealed Property—Assessment on Discovery—Validity.
   2.   Where, after the assessment-roll had passed out of the assessor's hands and the county board of equalization had adjourned, that officer discovered, listed for assessment, and assessed under the authority of

section 2542, Revised Codes, personal property belonging to the undistributed estate of a deceased person, the fact that the executors in charge of it were thus deprived of a right of appeal to the board of equalization did not invalidate the additional assessment, since the property was taxable, and appeal to the board is available, not to him who has concealed property, but who has delivered to the assessor a sworn statement of all his taxable property. (Sec. 2743.)

[As to liability of decedent's estate for taxes on property which escaped taxation in his lifetime, see note in **Ann. Cas.** 1913C, 1373.]

*Appeal from District Court, Lewis and Clark County; R. Lee Word, Judge.*

ACTION by George H. Hill and others against the county of Lewis and Clark. Judgment for plaintiff and defendant appeals. Reversed.

Cause submitted on briefs of counsel.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Appellant.

*Mr. A. P. Heywood* and *Mr. Ashburn K. Barbour,* for Respondents.

In the case at bar the assessment was made in the name of "S. T. Hauser Estate," and not to the heirs or executors, as required by law. In *Trowbridge* v. *Horan,* 78 N. Y. 439, the court held that an assessment made to "Estate of A B" was not made to an owner as required by statute. (See, also, Black on Tax Titles, 2d ed., sec. 108; *In re Kenworthy's Estate,* 63 Hun, 165, 17 N. Y. Supp. 655; *Fairfield* v. *Woodman,* 76 Me. 549; *L'Engle* v. *Wilson,* 21 Fla. 461; *Jackson* v. *King,* 82 Ala. 432, 3 South. 232; *Morrison* v. *McLauchlin,* 88 N. C. 251.) "A complaint in an action to recover delinquent taxes does not state facts sufficient to constitute a cause of action when it is alleged that the property was assessed 'as the estate of John Rains, deceased.'" (*People* v. *De Carrillo,* 35 Cal. 37; *Dresden* v. *Bridge,* 90 Me. 489, 38 Atl. 545; *Wood* v. *Torrey,* 97 Mass. 321; *Fowler* v. *Campbell,* 100 Mich. 398, 59 N. W. 185; *State ex rel. Stotts* v. *Kenrick,* 159 Mo. 631, 60 S. W. 1063; *Territory ex rel.*

*Castillo* v. *Perea,* 10 N. M. 362, 62 Pac. 1094; *Adams* v. *Board of Supervisors of Monroe County,* 154 N. Y. 619, 49 N. E. 141; *Fond du Lac* v. *Otto's Estate,* 113 Wis. 39, 90 Am. St. Rep. 830, 88 N. W. 917; *Morrill* v. *Lovett,* 95 Me. 165, 56 L. R. A. 634, 49 Atl. 666; *Scott* v. *Brown,* 106 Ala. 604, 17 South. 731; *Cromwell* v. *MacLean,* 123 N. Y. 474, 25 N. E. 932.)

The right to appear before the board of equalization is absolute (*Western Ranches* v. *Custer County,* 89 Fed. 577). "Without notice the board of equalization has no right to order the assessor to make a supplemental list." (*Stuart* v. *Palmer,* 74 N. Y. 183, 188, 30 Am. Rep. 289; *Common Council of Village of Three Rivers* v. *Smith,* 99 Mich. 507, 58 N. W. 481.)

No arbitrary power is given the assessor to divest the property owner of title to his property, but every form and requirement of the statutes must be strictly complied with. (*Re MacLean* v. *Jephson,* 123 N. Y. 142, 9 L. R. A. 493, 25 N. E. 409.)

It may be contended that equity demands the payment of the tax, but appellant cannot sustain the assessment upon that ground. (*City of Hannibal* v. *Bowman,* 98 Mo. App. 103, 71 S. W. 1122.)

MR. JUSTICE SANNER delivered the opinion of the court.

The respondents, as executors of the last will of S. T. Hauser, deceased, filed their complaint against the county of Lewis and Clark alleging: "That on the first Monday in March, 1915, there was embraced in the assets of and was owned by the said estate of Samuel T. Hauser, deceased, within the county of Lewis and Clark, certain real and personal property of the appraised value of $19,055," which property was thereafter by said executors listed for assessment and was in due course assessed by the assessor of said county, taxed at $420.27, and the taxes duly paid; that on December 8, 1915, "the said assessor of Lewis and Clark county claimed to have discovered certain other additional personal property as belonging to and being part of the assets of said estate of Samuel T. Hauser as omitted property," which he appraised at $37,505 and added or attempted to add to

"the assessment aforesaid against the said estate"; that said change and addition were made by the assessor "long after the assessment-books of said county had passed from under his jurisdiction," and without notice thereof to the respondents and without any opportunity given to them to contest or oppose the same before the board of equalization or elsewhere; "that the said personal property so entered upon said assessment-book as an addition to the assessment against said estate was a part and portion of the undistributed property of said estate of Samuel T. Hauser, deceased, and said assessment was made to or against said 'S. T. Hauser Estate' and not to the heirs, or the executors of said estate, as prescribed by law"; that the additional taxes thus and thereby imposed amounted to $826.99, which the respondents paid under protest—wherefore judgment is demanded for the recovery of the sum so paid, with interest and costs.

To this complaint the county of Lewis and Clark interposed a general demurrer, which was overruled, and the county, declining to plead further, suffered the judgment from which this appeal is taken.

The propositions submitted by the respondents as explanatory [1] of the judgment and as ample to sustain it are: (1) That the assessment is void because made to "S. T. Hauser Estate," and (2) that the assessment is void because made by the assessor long after the assessment-roll had passed out of his hands and long after the board of equalization had adjourned. In support of these propositions are cited thirty-four decisions, three of which are by this court and one by the federal court for this district; the remainder are from other jurisdictions. In an abstract way they furnish such support; but in truth none of them is a precedent for this case. The Montana decisions which involve raises without notice were in suits to recover taxes paid under protest, and are thus the only citations procedurally in point (*Western Ranches* v. *Custer County*, 28 Mont. 278, 72 Pac. 659; *Matador Land & Cattle Co.* v. *Custer County*, 28 Mont. 286, 72 Pac. 662; *Western Ranches* v. *Custer County*, 89 Fed.

577) ; and it is notable that in all of them great care was taken to allege and prove that the party aggrieved did not own the property so additionally listed or that it was not of the value placed upon it, and therefore the taxes sought to be recovered were not justly or lawfully collectible.

According to this complaint, the property originally assessed was "embraced in," that is to say, was not all, the assets of the Hauser estate taxable in Lewis and Clark county; the property which the assessor "claimed" to discover was discoverable because it was in fact "a part of the undistributed property of said estate," and there is no suggestion that it was not taxable as such; this property the executors had not listed, though it was their duty to do so; no complaint is made of the amount levied; the executors took cognizance of the assessment and paid the tax; they do not claim that any injustice was done to them or their trust, and no wrong is charged save the naked procedural defects above asserted. That such a case differs materially from those cited to support it—wherein the taxing power sought to enforce rights based upon void assessments, or sales of the property to pay void taxes were threatened, or tax titles to property based on void assessments were involved, or statutory proceedings were had before payment to annul assessments, or unjust and excessive assessments without notice were presented—is perfectly clear; and the question is whether such a case presents a right to the return of moneys honestly payable merely because of defects in the mode by which payment was induced.

1. As we understand the purpose of section 2522, Revised Codes, it is: to assure that notice to some interested person shall be given of the charge for taxes upon property still in course of administration, and to provide that payment, when made by heirs, guardians, executors or administrators, as the case may be, shall bind all the parties in interest, in proportion to their interest. The statute is by its terms permissive and directory, rather than mandatory, and in this respect it differs from sections 2510 and 2517, Revised Codes, applied in *Birney* v. *War-*

*ren,* 28 Mont. 64, 72 Pac. 293; hence an assessment made otherwise than as directed by section 2522 would not of itself be notice and would be voidable if, as a consequence, the party sought to be charged had no notice of it.   But to adopt the rigid construction here urged would be to void an assessment to administrators if as a matter of fact the estate was in charge of executors, and would convert the section from a statute to aid, into a statute to defeat, the raising of public revenue.   Of course, no such construction as this was intended by the legislature; on the contrary, and notwithstanding the cases cited from other jurisdiction, we think an assessment to the "estate of A" is tantamount to an assessment to the heirs, guardians of heirs, executors of the will, or administrators of the estate of A, as the case may be, if they have actual notice of it.   So it eventuates here that respondents' first proposition would have value if it appeared that because of the assessment to "S. T. Hauser Estate," no notice of it had come to any of the persons to whom in technical precision the property should have been assessed and thus it had become delinquent, subject to penalty and threatened with sale.   Such, however, is not the situation. The respondents as executors, persons in control of the juridical entity called the S. T. Hauser Estate, took cognizance of the assessment and paid the tax, and if, as the complaint itself shows, the property assessed was in fact "undistributed property of the estate of S. T. Hauser, deceased," if it was subject to taxation in the amount imposed, it seems a refinement to say that the county, justly entitled to the money, must now refund it merely because of a misprision that hardly amounts to a misnomer.

2. The same considerations make for avoidance of respondents' second proposition.   The authority for the assessment [2]   asserted by the appellant is section 2542, Revised Codes, to-wit: "Any property discovered by the assessor to have escaped assessment may be assessed at any time, if such property is in the ownership or under the control of the same person who owned or controlled it at the time it should have been assessed."

Let it be assumed for present purposes that this section does not mean what it says; that the assessor is powerless to do anything after the roll comes into the hands of the treasurer, and that if one is clever enough to conceal his taxable property until that event, he may escape taxation upon it and thrust the burden which he ought to bear, upon the shoulders of others; the facts nevertheless remain that according to the complaint this property was taxable; it stood charged with that debt to the county, and the executors could have properly paid it without any formal assessment; had they done so, neither they nor their trust would have suffered any actionable wrong. If this be true, what is the actionable wrong in the present instance? Certainly not that the respondents have fairly met a just demand. The asserted wrong is that this just demand, fairly met, was not properly formulated, its collection was not preceded by certain modal requirements designed to benefit persons who might be injured by the absence of them. But the absence of them was of no consequence to these respondents or to their trust, because there was nothing for them "to contest or oppose before the board of equalization or elsewhere." That under these circumstances the tax was not illegal so as to authorize a recovery in this kind of an action may be gathered from the very sections invoked to sustain it. (Rev. Codes, secs. 2742, 2743, as amended Chap. 135, Session Laws, 1909.) The provision found in section 2743, that "if the assessment * * * has been added to or changed either by the assessor or by the county board of equalization, and such person has not been notified thereof and given an opportunity to contest the same before the county board of equalization, the tax of such increased value or added property shall * * * be adjudged by the court to be void," is, by its terms, available only to the "person who has delivered to the assessor a sworn statement of his property subject to taxation" with "the estimated value" thereof. This means all of his taxable property, according to his best knowledge and belief, and the fact that, notwithstanding such list, the assessor or board may increase the value or add other property implies that

an honest controversy must exist between the public and the taxpayer as to what property should have been taxed or what value should have been placed upon it.

The judgment is reversed and the cause remanded, with directions to sustain the demurrer.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied April 5, 1918.