ED SWARTZ, Plaintiff and Respondent, *v.* GINNY BERG, as County Treasurer of Lewis and Clark County, Montana, a political subdivision of the State of Montana, and JOHN C. ALLEY, J. MORLEY COOPER, and HOWARD LORD, as members of and Constituting the State Board of Equalization of the State of Montana, Defendants and Appellants.

No. 11064.
Submitted January 10, 1966. Decided February 10, 1966.
As Modified on Denial of Rehearing March 17, 1966.
411 P.2d 736.

W. F. Crowley (argued), Helena, William A. Douglas (argued), Helena, for appellants.

Risken & Scribner, Helena, Arthur William Scribner (argued), Helena, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a summary judgment entered against the defendants in the district court of the First Judicial District of the State of Montana.

This cause was heard on motion of the plaintiff for summary judgment and on cross-motion of the defendants for summary judgment, pursuant to Rule 56, M.R.Civ.P. The facts were agreed. District Judge Victor H. Fall concluded that the plain-

tiff was entitled to judgment as a matter of law and granted the plaintiff's motion for summary judgment.

The relevant facts are that respondent-plaintiff, Ed Swartz, purchased a 1965 Ford Truck from Capitol Ford, Inc., in Helena, Montana, on September 29, 1965. This truck was brought into the State of Montana, came to rest and became a part of the general property within the County of Lewis and Clark, on January 2, 1965, the date it was delivered to Capitol Ford, Inc. Capitol Ford used it to replenish the stock.

In passing, we are hard-pressed to believe that a truck received on January 2nd is in fact a replenishment of stock upon which taxes have been paid. This agreed fact is significant because the dealer, under R.C.M.1947, § 84-6008, is exempt from payment of taxes for replacement stock. Of course, the exemption contemplates, as it must to be constitutional, that the replacement stock actually replaces stock upon which taxes *have been paid*.

Immediately upon its purchase by respondent, the County Assessor of Lewis and Clark County assessed the truck against the respondent who paid the tax to appellant, Ginny Berg, Treasurer of Lewis and Clark County, under protest. The vehicle was assessed and the taxes collected under a Directive issued on June 28, 1965, by appellant, State Board of Equalization. The Directive stated in part:

"Beginning with July 1, 1965, and, thereafter all motor vehicles brought in from outside the State of Montana to replenish a dealer's stock, subsequent to January 1, shall be subject to personal property taxation or new passenger car sales tax when sold."

Our problem here is *not* concerned with that part of the directive as to new passenger vehicle sales tax. That matter is specifically controlled by R.C.M.1947, § 32-3315. In 1951 the legislature in Chapter 219, Laws of 1951, provided for this new passenger car tax and provided further that it was in lieu of all other taxes. In that same chapter, the Legislature provided

new taxes on other vehicles, trucks, tractors, trailers and semi-trailers in the form of gross vehicle weight taxes, now found in R.C.M.1947, §§ 53-615 et seq.

Parentheically we note that the appellant State Board in its brief and argument asserts that "*no* taxes are paid" by trucks. This must mean that gross vehicle weight "fees" are not taxes —but, of course they are taxes.

Respondent then brought an action seeking refund of the taxes so paid by him under protest; and on December 22, 1965, the matter was argued upon briefs submitted to the lower court. On December 29, 1965, Order and Judgment was issued by the lower court against Appellants herein to the effect that:

"1. That Sections 84-6008 to 84-6011, R.C.M.1947, do not apply, and cannot be made to apply, in the case of vehicles purchased in the manner set forth in the pleadings in this cause, as against the plaintiff and others similarly situated, and that the action of the defendant State Board of Equalization in issuing its directive dated June 28, 1965, and the action of the defendant Treasurer in levying taxes against the plaintiff pursuant to said directive, and each thereof, were and are illegal and void.

"2. That the defendant Ginny Berg, as County Treasurer of Lewis and Clark County, refund and pay to the plaintiff the amount of the taxes paid by him on the 1st day of October, 1965, in the sum of $16.68, together with the costs of this proceeding in the sum of $................."

It is from this order and judgment of the lower court that appellants appeal.

The precise issue involved in this case is whether, under the provisions of sections 84-6008 to 84-6011, R.C.M.1947, a new truck brought into the State of Montana subsequent to the 1st day of January as replacement to a dealer's stock may be subject to personal property taxation to the purchaser of the vehicle at the time of purchase.

It is a basic premise of the law of taxation that the

foundation for levying and assessing a tax depends upon the existence of a valid legislative act specifically designating the imposition of the tax. Nothing is taxable unless clearly authorized by statute. State ex rel. Tillman v. District Court, 101 Mont. 176, 53 P.2d 107, 103 A.L.R. 376. Any doubt as to the persons or property intended to be included within a particular tax should be resolved in favor of the taxpayer. 51 Am.Jur., Taxation, § 409. A valid assessment is indispensable to the levy of a tax. 51 Am.Jur., Taxation, § 647.

In Montana, there are several statutes which pertain to assessment and might be applicable to the truck in question. Section 84-406, R.C.M.1947 provides that the regular assessment of personal property is to the owners of property on the first Monday in March. However, section 84-406 makes an exception in the case of motor vehicles, and provides that the assessment is to be "as of January 1st in each year * * *." There is nothing in this general assessment statute permitting the assessment against the respondent on September 29, which is more than nine months after the assessment date for motor vehicles.

The appellants, however, contend that the statutes relating to the taxation of migratory personal property give authority to assess and tax the purchaser of the said truck. R.C.M.1947, §§ 84-6008 to 84-6011.

These statutes give the taxing officers certain additional powers with respect to the assessment and taxation of certain property which is brought into the State after the "regular assessment date," section 84-6008. It is clear, however, that section 84-6008 expressly exempts a dealer from the taxation of property brought into the State to replenish his stock. The directive issued by the State Board of Equalization is an attempt to pass on the incidence of such taxation to the purchaser without statutory authorization.

In interpreting tax statutes it should always be kept in mind that they are to be strictly construed against the taxing

authorities, and in favor of the taxpayer, see 51 Am. Jur., Taxation, § 650. See also, State ex rel. Tillman v. District Court, 101 Mont. 176, 53 P.2d 107, 103 A.L.R. 376, in which it was stated:

"We start our investigation of the question presented with the full understanding that 'all proceedings in the nature of assessing property for purposes of taxation, and in levying and collecting taxes thereon, are *in invitum,* and must be *stricti juris*' (Perham v. Putnam, 82 Mont. 349, 267 P. 305, 309) * * *."

■■ With this rule in mind we address ourselves to the question: whether said truck is taxable under sections 84-6008 to 84-6011, R.C.M.1947? It is true that section 84-6008 provides for the assessment of certain property after the regular assessment date, but the assessment date in such cases is clearly fixed by section 84-6009 as "the date such property comes to rest and becomes a part of the general property within any county of this state." The appellant's statement of facts states that the truck in question "came to rest and became a part of the general property within County of Lewis and Clark * * * on January 2, 1965 * * *." It is an uncontroverted fact that on January 2, 1965, the owner of the truck, Capitol Ford, Inc., was a dealer and was specifically exempt from the tax provisions of section 84-6008 for replacement stock. The provisions of sections 84-6008 to 84-6011 can in no way be construed as empowering the assessment at a later date. As is stated in 84 C.J.S. Taxation § 93. *"Time of Ownership.* Where statutes have fixed the time for determination of the taxable status of property, it should be taxed to the owner as of such time."

The owner of the property in question at the time for assessment was the dealer, Capitol Ford, Inc., which was expressly exempt for replacement stock from taxation by section 84-6008.

■ Therefore, the State Board of Equalization, in attempting to impose a tax with respect to this property upon a subsequent purchaser, who they admit was not owner of the property on the assessment date, must have considered the tax as

if it were a tax on the property itself. In doing so, they have failed to follow one of the basic principles of property taxation, namely, that the tax is upon the owner of the property, not the property itself. This court explained and accepted the above principle in Ford Motor Co. v. Linnane, 102 Mont. 325, 335, 57 P.2d 803, 806, in the following words:

"* * * This court has long been committed to the theory that all taxes are levied upon persons and not upon property; that it is the person who is taxed, * * * the property which the person owns is used to determine the amount of the tax he shall pay * * *."

The assessment in this case is invalid because it was made against one who was not the owner on a date fixed by law for assessment of the property. Therefore, the respondent was entitled to summary judgment in his favor.

Appellants make much in their brief of "uniformity" required by our Constitution. We have chosen not to engage in a discussion of this feature, since we are unable to see how, under the State Board's directive, any more or any less uniformity is achieved unless we were to split taxable years into taxable days and then taxable hours.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.