No. 14798

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

BUTTE COUNTY CLUB, a non-profit corporation,
                    Relator and Respondent,
          vs.
THE DEPARTMENT OF REVENUE OF THE STATE OF MONTANA,
                    Respondent and Appellant,
          and
EDWARD WHEELER et al.,
                    Relators and Respondents,
          vs.
THE DEPARTMENT OF REVENUE OF THE STATE OF MONTANA,
                    Respondent and Appellant.

---

Appeal from: District Court of the Second Judicial District,
             Honorable Arnold Olsen, Judge Presiding.

Counsel of Record:

    For Appellants:

        R. Bruce McGinnis argued, Dept. of Revenue, Helena,
        Montana

    For Respondents:

        McCaffery and Peterson, Butte, Montana
        John L. Peterson argued, Butte, Montana

---

                              Submitted:  November 2, 1979

                                Deicded:  MAR 18 1980

Filed:  MAR 18 1980

          _Thomas J. Kearney_
                        Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The Department of Revenue (herein referred to as DOR) appeals from the judgment of the Silver Bow County District Court granting writs of prohibition restraining the DOR from assessing the Butte Country Club and Grand Hotel at the appraised values determined by the DOR in 1978.

The Butte Country Club, a nonprofit corporation, owns real property and improvements consisting of a clubhouse, golf course, swimming pool, tennis courts and other facilities. Butte Country Club owned the real property and improvements on January 1, 1978; and this property was duly and regularly assessed for tax purposes for 1977 and prior years in the amount of $239,570. On August 31, 1978, Butte Country Club received a notice of change in property valuations from the DOR, in which the assessed value of the Butte Country Club's land and improvements was increased to $1,490,272.

The Wheelers, owners of the Grand Hotel, owned the real property and improvements on January 1, 1978. That property was duly assessed for tax purposes for the year 1977 after a hearing before the State Tax Appeal Board (herein referred to as STAB) on December 16, 1977. By virtue of the STAB hearing, the land and improvements were assessed at a value of $43,179 for 1977. In late August 1978, the Wheelers received from the DOR a notice of change in property valuations dated July 27, 1978, erroneously stating that the 1977 valuation was $79,680; and increasing the assessed value of the property to $134,600.

On September 8, 1978, the Wheelers filed a notice of appeal with the Butte-Silver Bow County Tax Appeal Board (herein referred to as Local Board). On September 20, 1978, Butte Country Club filed a notice of appeal with the Local Board. The taxpayers sought a hearing before the Local Board on the issue of the change in appraised value.

The Local Board convened in 1978 to hear taxpayer appeals; however, the taxpayers in the instant case were not afforded a hearing before the Local Board. STAB granted the Local Board additional time, until October 1, 1978, to hear appeals, however, the taxpayers' appeals in the instant case were not heard by the Local Board by October 1, 1978. The appeals still pending before the Local Board on October 1, 1978, were sent to STAB for hearings.

On November 8, 1978, the taxpayers brought suit in Silver Bow County District Court seeking writs of prohibition; and a hearing was held on December 20, 1978. The taxpayers requested the District Court to declare the 1978 assessments of their property to be null and void.

On March 16, 1979, the District Court entered its findings of fact and conclusions of law. The District Court concluded that the assessments were illegal and contrary to law, determining that the assessment was made after the second Monday in July 1978, contrary to 1972 Mont. Const., Art. VIII, §3 and section 15-8-201, MCA. The District Court further determined that the late assessments by the DOR effectively denied the taxpayers their right to a hearing before the Local Board, constituting a violation of their constitutional and statutory right to a hearing at the local government level. The District Court also determined that a hearing before STAB, without a prior hearing before the Local Board, was contrary to law and would not cure the violation of the taxpayers' rights.

-3-

The District Court concluded that the DOR assessments in each case were in excess of the true market value of the property, and therefore were arbitrary and capricious.

The District Court granted the taxpayers' writs of prohibition, holding that the DOR's assessment in each case was contrary to law. The District Court determined that the assessment of the Butte Country Club for 1978 should be $239,570; and the assessment of the Grand Hotel for 1978 should be $43,179. The District Court awarded each taxpayer costs and $1,250 for attorney fees.

The DOR raises the following issues on appeal:

1. Whether the District Court erred in finding that the assessment of the taxpayers' properties was illegal and contrary to law because it was made after the second Monday in July 1978.

2. Whether the District Court erred in finding that the late assessment by the DOR denied the taxpayers a constitutional right to a hearing before the Local Board.

3. Whether the District Court erred in finding that the assessment of the taxpayers' properties was illegal and contrary to law because it was in excess of the true market value, and therefore arbitrary and capricious.

Under its first specification of error, the DOR contends that the District Court ruled on technical grounds that the assessments were void because they were made after the second Monday in July 1978; and further contends that under section 15-8-308, MCA, assessments are not illegal if made untimely. The taxpayers contend that under section 15-8-201, MCA, the failure of the DOR to make the assessments before the second Monday in July 1978 renders the assessments invalid because of untimeliness. The taxpayers further contend that the DOR cannot lightly ignore the entire assessment scheme enacted by

-4-

the legislature by making assessments at anytime it so desires. We agree and find that the DOR's contentions lack merit.

Montana's 1972 Constitution provides: "The state shall appraise, assess, and equalize the valuation of all property which is to be taxed in the manner provided by law." Art. VIII, §3.

Pursuant to this constitutional mandate, the Montana Legislature enacted section 15-8-201, MCA. Section 15-8-201 (1), MCA, provides:

> "The department of revenue or its agent must, between January 1 and the second Monday of July in each year, ascertain the names of all taxable inhabitants and assess all property subject to taxation in each county. The department or its agent must assess property to the person by whom it was owned or claimed or in whose possession or control it was at midnight of January 1 next preceding. It must also ascertain and assess all mobile homes arriving in the county after midnight of January 1 next preceding. No mistake in the name of the owner or supposed owner of real property, however, renders the assessment invalid." (Emphasis added.)

It is well established that when the terms of a statute are plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing for this Court to construe. Cherry Lane Farms of Montana, Inc. v. Carter (1969), 153 Mont. 240, 249, 456 P.2d 296, 301; In Re Kesl's Estate (1945), 117 Mont. 377, 161 P.2d 641. The words of section 15-8-201, MCA, are plain, unambiguous and certain. This statute requires the DOR to assess all property subject to taxation between January 1 and the second Monday of July. The statute contains the word "must", and this clearly indicates that the statutory commands are mandatory, and not discretionary. The DOR must assess property by the second Monday in July, and that was not complied with in the instant case. Section 15-8-201(2), MCA, outlines specific

-5-

exceptions to the assessment procedures contained in section 15-8-201(1), MCA; however, the legislature did not specifically exclude the second Monday in July time limit for the type of property involved in the instant case.

The DOR's argument that section 15-8-308, MCA, allows late assessments is without merit in the context of the instant case. Section 15-8-308, MCA, provides:

> "No assessment or act relating to assessment or collection of taxes is illegal on account of informality or because the same was not completed within the time required by law."

The cases interpreting this statutory provision have made a distinction between irregularities regarding assessments which are informalities, and those which are matters of substance. See Anderson v. Mace (1935), 99 Mont. 421, 45 P.2d 771; Perham v. Putnam (1928), 82 Mont. 349, 267 P. 305; Cobban v. Hinds (1899), 23 Mont. 338, 59 P. 1. A departure from a legal requirement is not an informality, but rather is a matter of substance and is vital. Perham v. Putnam, supra, 82 Mont. at 361.

Section 15-8-201, MCA, specifically requires the DOR to make assessments no later than the second Monday of July. The statutory time period for making assessments is mandatory, and section 15-8-308, MCA, does not provide the DOR with a remedy in the instant case because the departure from a legal requirement is a matter of substance, not one of informality. Additionally, section 15-8-201, MCA is a specific statute which must prevail over section 15-8-308, MCA, which is a general statute. In interpreting tax statutes it should always be kept in mind that they are to be strictly construed against the taxing authorities, and in favor of the taxpayer. Cherry Lane Farms of Montana, Inc. v. Carter, supra, 153 Mont. at 249; Swartz v. Berg (1966), 147 Mont. 178, 182-183; 411 P.2d 736, 738.

The assessments in the instant case were made after the second Monday in July, and are therefore invalid. A valid assessment is indispensable to the levy of a tax. Swartz v. Berg, supra, 147 Mont. at 182. Only the legislature may correct a problem arising from a lack of sufficient time to complete assessments under the present statutory scheme. See Department of Revenue v. Burlington Northern, Inc. (1976), 169 Mont. 202, 215, 545 P.2d 1083, 1090.

Under its second specification of error, the DOR contends that the essence of 1972 Mont. Const., Art. VIII, §7 is that a taxpayer have some independent body review his grievance and that body be able to do something about it. The DOR also contends that the taxpayers in the instant case have been afforded that right because STAB stands ready and willing to hear their appeals and grant whatever relief is warranted. The DOR further contends that there may have been a technical violation of the taxpayers' constitutional rights, but that the taxpayers have not been harmed or injured.

The taxpayers contend that an appeal to the Local Board is the exclusive remedy granted to a taxpayer; and that the only power of STAB is to hear appeals from the decisions of Local Boards. The taxpayers also contend that since a taxpayer must follow such an exclusive remedy in attacking an assessment or be without a remedy, the denial of allowing the taxpayer its remedy is harm and prejudice to the taxpayer. The taxpayers further contend that STAB does not have jurisdiction to unilaterally change the law and provide for the circumvention of the Local Board by hearing appeals directly. The DOR's contentions are without merit.

Montana's 1972 Constitution provides: "The legislature shall provide independent appeal procedures for taxpayer grievances about appraisals, assessments, equalization, and taxes. The legislature shall include a review procedure at

-7-

the local government unit level." Art. VIII, §7.
Pursuant to this constitutional mandate, the Montana Legislature determined that the County Tax Appeal Board (Local Board) would be the review procedure at the local government unit level. Under section 15-15-102, MCA, no reduction may be made in the valuation of property unless the taxpayer seeking the reduction files a written application with the Local Board. Additionally, section 15-15-103, MCA, provides in relevant part that "[n]o reduction must be made unless such person or agent makes an application as provided in 15-15-102, and attends and answers all questions pertinent to the inquiry."

These statutory provisions, when read together, clearly show that before a reduction in property valuation may be granted, a hearing before the Local Board is required. Following a hearing before, and decision of the Local Board, section 15-15-104, MCA, provides for an appeal to the State Tax Appeal Board (STAB) in accordance with the provisions of section 15-2-301, MCA, which in relevant part provides that:

> "Any person or the department of revenue in behalf of the state or any municipal corporation aggrieved by the action of any county tax appeal board may appeal to the state board by filing with the county tax appeal board a notice of appeal and a duplicate thereof with the state board within 20 calendar days after the receipt of the decision of the county board, which notice shall specify the action complained of and the reasons assigned for such complaint."

The statutory scheme enacted by the legislature allowing taxpayers to appeal assessments clearly shows a legislative intent that an appeal and review before the Local Board be a condition precedent to STAB review. This Court has determined that as a condition precedent to the reduction of the valuation of property, the taxpayer must appeal at the local level. See

-8-

Barrett v. Shannon (1897), 19 Mont. 397, 399-400, 48 P. 746. Further, this Court has determined that except in cases where fraud or the adoption of a fundamentally wrong principle of assessment is shown, an appeal to the Local Board is the exclusive remedy granted the taxpayer. Keller v. Department of Revenue (1979), ___ Mont. ___, 597 P.2d 736, 36 St.Rep. 1253; Larson v. State (1975), 166 Mont. 449, 534 P.2d 854.

STAB has authority under section 15-15-101(1), MCA, to extend the time in which the Local Board may meet to hear taxpayer appeals. An extension until October 1, 1978, was granted to the Local Board in the instant case. However, no further extensions were granted and the taxpayers' cases were transferred to STAB for hearings; bypassing the local unit of government. 1972 Mont. Const., Art. VIII, §7 and the statutes previously discussed clearly show that taxpayers must have a hearing before the Local Board. The DOR's late assessments effectively precluded review by the Local Board in the instant case. STAB lacks the authority to directly hear taxpayer appeals concerning reductions in property valuations when there has not first been a hearing before the Local Board.

Our resolution of the first and second issues renders consideration of the third issue is unnecessary. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-9-