No. 84-438

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

OEA RESEARCH, INC., a Montana Corp.;
and ANDREW J. SCHEET and VIRGINIA
M. SCHEET,

        Plaintiffs and Appellants,

    -vs-

MARTHA B. McGEE, Treasurer of
Lewis & Clark County; LILIA "LEE"
WILLIAMS, Assessor of Lewis & Clark
County; and DEPARTMENT OF REVENUE
OF THE STATE OF MONTANA,

        Defendants and Respondents.

_____

APPEAL FROM:  District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Leaphart Law Firm, Helena, Montana

    For Respondents:

        Mike McGrath, County Attorney, Helena, Montana
        Larry G. Schuster, Dept. of Revenue, Helena,
        Montana

_____

               Submitted on Briefs:  Jan. 24, 1985

                     Decided:  August 15, 1985

Filed: AUG 1 5 1985

*Ethel M. Harrison*

_____
               Clerk

Mr. Justice Fred J. Weber delivered the opinion of the Court.

OEA Research, Inc., Andrew J. Scheet and Virginia M. Scheet appeal from an order of the District Court of Lewis and Clark County quashing a temporary writ of prohibition and dismissing the request for a permanent writ of prohibition. We affirm.

Appellants raise two issues:

1. In the event that annual assessments are not dispatched pursuant to § 15-8-201, MCA, may the Department of Revenue subsequently assess such escaped property pursuant to § 15-8-601, MCA?

2. Have appellants been denied due process and equal protection of the laws by an assessment of escaped property?

OEA Research, Inc. is a Helena-based consulting firm. Andrew J. Scheet and Virginia M. Scheet (Taxpayers) operate an excavating business in Lewis and Clark County, Montana.

The Department of Revenue (DOR) and the County Assessor failed to assess the personal property of the Taxpayers in the normal manner for each of the years 1975 through 1983.

On December 29, 1983, OEA Research, Inc. (OEA) received an assessment from DOR for $6,520.05 covering the years 1975 through 1983. OEA appealed that assessment to the County Tax Appeal Board.

On March 9, 1984, OEA received a "Notice of Execution" from the County Treasurer's Office covering the December 29, 1983, assessment of $6,520.05. On March 29, 1984, the County Assessor sent a "revised assessment" to OEA in the same amount, but referred to § 15-8-601, MCA.

On March 20, 1984, the Taxpayers received an assessment from the County Assessor in the amount of $23,564 for the years 1975 through 1983. This assessment also reflected that DOR was relying on § 15-8-601, MCA, for authority to make the assessment.

2

Taxpayers filed a petition for a declaratory judgment, writ of prohibition or other appropriate relief in the District Court. They alleged that the DOR, the assessor and the treasurer were proceeding in excess of their jurisdiction because the assessments in question were not timely under § 15-8-201, MCA. That section requires that assessments be completed on an annual basis before the second Monday in July. The District Court issued a temporary writ of prohibition. The District Court later determined that the DOR had acted properly, quashed the temporary writ of prohibition and dismissed the Taxpayers' petition for a permanent writ of prohibition.

I

In the event that annual assessments are not dispatched pursuant to § 15-8-201, MCA, may the Department of Revenue subsequently assess such escaped property pursuant to § 15-8-601, MCA?

Three statutes are pertinent. Section 15-6-101(1), MCA, provides:

> "All property in this state is subject to
> taxation, except as provided otherwise."

Section 15-8-201(1), MCA, provides in pertinent part as follows:

> "The department of revenue or its agent
> must, between January 1 and the second
> Monday of July in each year, ascertain
> the names of all taxable inhabitants and
> assess all properties subject to taxation
> in each county . . ."

Section 15-8-601(1), MCA, provides in pertinent part:

> "Whenever the department of revenue discovers that
> any taxable property of any person has in any year
> escaped assessment, been erroneously assessed, or
> been omitted from taxation, the department may
> assess the same provided the property is under the
> ownership or control of the same person who owned
> or controlled it at the time it escaped assessment,
> was erroneously assessed, or was omitted from
> taxation. All such revised assessments must be
> made within 10 years after the end of the calendar

3

year in which the original assessment was or should have been made."

Taxpayers argue that § 15-8-201, MCA, cannot be reconciled with § 15-8-601, MCA. They argue that the requirement of yearly assessments by the second Monday of July in each year negates any possibility of assessing a tax in later years, even though § 15-8-601 provides that when the DOR "discovers" taxable property which has "escaped assessment" or "been omitted from taxation," the DOR may assess it. In view of the statutory requirement that the DOR must assess property by the second Monday of July and our interpretation of that requirement in Butte Country Club v. Dept. of Revenue (1980), 186 Mont. 424, 608 P.2d 111, this apparent contradiction in statutes must be considered.

A review of older cases will assist in placing the issue in perspective. In Hill v. Lewis and Clark County (1918), 54 Mont. 479, 171 P. 929, this Court considered § 2542, Revised Codes (1907), which in pertinent part provided:

> "Any property discovered by the assessor to have escaped assessment may be assessed at any time, if such property is in the ownership or under the control of the same person who owned or controlled it at the time it should have been assessed."

This section illustrates that in 1918, as in 1984, the law provided for assessing property which is discovered to have escaped assessment. In Hill, the contention was made that the assessment was invalid because the property has been assessed long after the assessment deadline. This Court refused to accept that theory and upheld the assessment and taxation of the property.

In a similar way in Butte & Superior Mining Co. v. McIntyre (1924), 71 Mont. 254, 229 P. 730, this Court held that the Board of Equalization could assess and tax property in 1923 which had been omitted from taxation in 1920. This

4

Court emphasized the plenary power of taxing authorities to assess property which has escaped assessment. It stated:

"In contemplation of our law it is the duty of every citizen to return his property for taxation and to pay the taxes levied upon it. It was the obligation of the plaintiff to return this property for assessment in 1920, and to pay taxes thereon. That was settled in the Bourquin Case. These taxes are just as much due now as they were in the year 1920. The legal obligation to pay is present and subsisting. The duty to pay is a continuing, present obligation just as imperative to-day as it was in 1920." Butte & Superior Mining Co., 71 Mont. at 263, 229 P. at 733 (emphasis added).

At the time these older cases were decided, the predecessor of § 15-8-201, MCA, required the assessment of taxable property by the second Monday in July of each tax year. See § 2510, Revised Codes (1907) & § 2002, R.C.M. (1921). Nevertheless, this Court recognized that if property had been omitted from or escaped assessment, the taxing authority could correct the omission in order to see that all property liable to assessment and taxation is taxed so that burdens of government may fall in like proportion upon all. See Simpson v. Silver Bow County (1930), 87 Mont. 83, 93, 285 P. 195, 199.

In Evans Products Co. v. Missoula County (Mont. 1982), 654 P.2d 523, 39 St.Rep. 2149, this Court applied § 15-8-601(1), MCA, to an erroneous assessment. In that case, the full value of real property was incorrectly shown for the 1978 tax assessment as $396,050. The correct figure was $990,125. On December 27, 1979, the County Assessor's Office informed the taxpayer of the error in the 1978 and 1979 tax and enclosed a new tax assessment notice for 1978 showing a tax balance of $11,507.89. The taxpayer claimed that the DOR was precluded from proceeding under § 15-8-601, MCA, because it had initially followed improper procedures. This Court concluded that the clerical error made in the tax

5

assessment came within the plain meaning of "erroneous assessment" as used in the statute. The Court then concluded that because inadequate notice was given to the taxpayer under § 15-8-601, MCA, the taxes had not been properly assessed and levied. Evans Products is the most recent case involving an interpretation of § 15-8-601(1), MCA. While not factually on point, it does describe the statutory right of the DOR to correct erroneous assessments for a period of up to 10 years.

Butte Country Club v. Dept. of Revenue (1980), 186 Mont. 424, 608 P.2d 111, is the principal case upon which the Taxpayers rely. It is important to consider the facts in that case. There the taxpayers were regularly assessed for real property taxes and improvement taxes for the year 1978. On August 31, 1978, one taxpayer received a notice of change in property valuation from the DOR. The assessed value of the land and improvements was increased from $239,570 to $1,490,272. In late August, the other taxpayers received from the DOR a notice of change in property values of land and improvements from $43,179 to $134,600. In September, the taxpayers filed notices of appeal to the local Tax Appeal Board. When the local Board was not able to hear all of the cases by October 1, 1978, the appeals were sent to the State Tax Appeal Board for hearings.

The Taxpayers in the present case rely upon the following language in Butte Country Club:

> ". . . The words of section 15-8-201,
> MCA, are plain, unambiguous and certain.
> This statute requires the DOR to assess
> all property subject to taxation between
> January 1 and the second Monday of July.
> The statute contains the word 'must', and
> this clearly indicates that the statutory
> commands are mandatory, and not discre-
> tionary. The DOR must assess property by
> the second Monday in July, and that was
> not complied with in the instant case."
> 186 Mont. at 429, 608 P.2d at 114.

Taxpayers here argue that because no annual assessment was made against them, it is too late for the DOR to attempt to proceed under § 15-8-601, MCA. We reject that interpretation.

Butte Country Club involved a change in 1978 tax assessments to several taxpayers in which initial assessments were made, revised tax assessments were sent out in late August, and no local Tax Appeal Board hearing was allowed. It was based upon such late assessments that this Court concluded:

> "The assessments in the instant case were made after the second Monday in July, and are therefore invalid. A valid assessment is indispensable to the levy of a tax." Butte Country Club, 186 Mont. at 430, 608 P.2d at 115.

That is a correct conclusion based upon the facts involved in Butte Country Club, where an attempt was made to raise the assessment on various property after the second Monday of July, in derogation of § 15-8-201, MCA. However, that does not lead to a conclusion that all assessments made after the second Monday of July are invalid.

Section 15-8-601, MCA, was not involved in the Butte Country Club case. Under that section, assessments properly may be made after the second Monday of July under the circumstances described in that section.

We conclude that under the facts of this case, § 15-8-601, MCA, authorized the DOR to assess the property which had escaped assessment or had been omitted from taxation for a number of years. We therefore affirm the quashing of the writ of prohibition by the District Court.

II

Have appellants been denied due process and equal protection of the laws by an assessment of escaped property?

7

Here, no due process right was denied the Taxpayers. Notice was given to the Taxpayers, conferences were held and ultimately an appeal was taken to the Lewis and Clark County Tax Appeal Board as provided in § 15-8-601, MCA. There is no showing of a denial of the right to a hearing, as was the case in Butte Country Club. We conclude that the Taxpayers have not been denied due process or equal protection of the laws.

We affirm the District Court's order quashing the writ of prohibition and dismissing the petition for a permanent writ of prohibition.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, dissenting:

I dissent.

The taxpayers contend that a valid and timely assessment each year as required by § 15-8-201, MCA, is indispensable to the levy of a tax. They rely essentially on our decision of Butte Country Club v. Dept. of Revenue (1980), 186 Mont. 424, 608 P.2d 111. In that case, the Department of Revenue through its agent had delivered to Butte Country Club a 1978 assessment in August which purported to increase the assessment value of the Country Club's property. We said in that case that the word "must" in § 15-8-201 was mandatory and that the late issuance of the assessment by the Department was a departure from legal requirements which resulted in invalidity.

The District Court here, however, discounted the precedential value of the Butte Country Club case because in that case the Department of Revenue had made no contention that the property had escaped assessment or that § 15-8-601, was in any way applicable. The District Court further relied as does the majority on three earlier cases from this Court in reaching its decision, Simpson v. Silver Bow County (1930), 87 Mont. 83, 285 P. 195; Butte & Superior Mining Co. v. McIntyre (1924), 71 Mont. 254, 229 P. 730; and Hill v. Lewis and Clark County (1918), 54 Mont. 479, 171 P. 929.

In the Hill case, it appears that the executors of the estate of Samuel T. Hauser failed to list certain property belonging to the estate although the executors had a clear legal duty to do so. Upon discovery of the concealment, the county assessor assessed the property, long after the statutes then pertaining permitted him to do so. On appeal

to this Court, we condemned tax avoidance in that manner, the purposeful concealment of taxable property until after the assessment roll went to the county treasurer. The cases at bar do not involve purposeful concealment from taxation.

In Butte & Superior Mining Co. v. McIntyre, supra, the property in question escaped taxation due to active concealment by the taxpayer. In that case, the taxpayer filed a return deducting $2,719,000 of royalties to other companies as a "cost of owners purchase." As a consequence of the deduction, the company's books showed a loss of $1,500,000. The county attorney challenged the deduction quoted and was successful in getting the deduction declared unlawful. Again the case involved concealment.

The Simpson case is not strong as authority for the problem involved in the case at bar. In Simpson, the Board of County Commissioners of Silver Bow County had hired Simpson, as a "tax ferret" to search out and furnish the Commissioners, sitting as the County Board of Equalization, information which would enable the Board to assess and tax net proceeds which had escaped taxation in 1920. Simpson had a 20 percent contract which entitled him to $9,069.27. The County refused to pay, and he received a judgment for that amount in the District Court. On appeal to this Court, the case principally turned on whether the County Board of Commissioners, sitting as a County Board of Equalization, had the authority, in the light of statutes granting like authority to the State Board of Equalization, to hire a tax ferret. The incidental comments of the Court with respect to the duty of assessments in Simpson are largely dicta, and have no precedential force in this case.

We should come to grips in this case with the effect of the decision of the District Court: although the Department of Revenue has a mandatory duty to assess all personal property in each county before the second Monday of July in each year, under § 15-8-201, the decision of the District Court allows the Department to neglect this duty, and up to ten years later, under § 15-8-601, still assess and collect the neglected taxes.

The conflict in the statutes that arises in this case comes about because the Department did not do its duty under the first statute, § 15-8-201. It did not complete its annual assessment of the property of the relators before the second Monday of January of each year. Had the Department performed its duty of annual assessments, there would arise no conflict between § 15-8-201 and § 15-8-601, because then escaped property or omitted property could be assessed by the Department of Revenue and taxed under § 15-8-601, during the succeeding 10 years. The legislature must have comprehended, in adopting § 15-8-201 and § 15-8-601, that the Department would act in conformance with its mandated duties. It must not have comprehended the conflict that arises when the Department does not follow its mandated duty under § 15-8-201, and later attempts to make amends under § 15-8-601.

The duty of courts in interpreting statutes is to harmonize conflicting statutes, and to make them produce the effects intended by the legislature. The statutes here will harmonize when the Department follows the mandate of § 15-8-201. The conflict in this case will persist through this and other cases if we condone the Department's nonfeasance of duties under § 15-8-201, by permitting it to recoup under § 15-8-601.

The obvious design of § 15-8-601, is to allow the taxing authorities to assess and collect taxes on properties that escape or are omitted through no fault of the Department. We would preserve that design by holding that if the Department has followed its mandated duties under § 15-8-201, it can thereafter proceed to assess and collect taxes which have escaped or been omitted for taxation under § 15-8-601. If the Department has failed its responsibilities under § 15-8-201, and because of such failure the property escapes or is omitted from taxation, the Department should bear the responsibility for the loss of tax revenues resulting. This holding would do no more than require the Department to act as the legislature directed.

This decision relates to the assessment and taxation of personal property only and would not be considered as authority with respect to the assessment of real property or interests therein. The provisions of § 15-8-308, MCA, provide that no assessment or act relating to assessment or collection of taxes is illegal on account of informality or because the same is not completed within the time required by law. We specifically held in Butte Country Club, above cited, that § 15-8-201, prevails over the provisions of § 15-8-308.

I would reverse and remand with instructions to reinstate the petitions of the relators, and to issue a permanent writ of prohibition against the assessments charged here against the taxpayers.

John C. Sheehy<br>
Justice

- 12 -