JUSTICE TRIEWEILER
dissenting.
I respectfully dissent from the opinion of the majority.
Although the majority opinion discussed traditional rules of statutory construction, I believe it overlooks the most important rule of construction which is applicable in this case. That rule is as follows:
“In interpreting tax statutes it should always be kept in mind that they are to be strictly construed against the taxing authorities, and in favor of the taxpayer.”
Butte Country Club v. Dept. of Revenue, 186 Mont. 424, 430, 608 P.2d 111, 115 (1980).
In this case, the taxpayer’s entitlement to recover a refund hinges on our interpretation of the phrase “the last day prescribed,” as used in § 15-31-509(2), MCA. As the majority has correctly stated, no *45 refund can be paid unless a claim for that refund has been filed within five years from the last day prescribed for filing the return.
The last day prescribed for filing the return is set forth in § 15-31-111(2), MCA, which provides that the return is due on May 15 of the next calendar year unless an application for an automatic extension is filed. In that event, the tax return is due on the date to which the extension is granted.
“Time prescribed for filing” is nowhere defined in the Title on taxation. However, I believe it is reasonable to interpret the time prescribed by § 15-31-111(2), MCA, to be May 15, plus any additional period granted pursuant to the taxpayer’s application for an automatic extension. This conclusion would be consistent with the decision of the Maryland Court of Appeals in Compt. of Treas., Inc. Tax Div. v. Diebold, Inc., 279 Md. 401, 369 A.2d 77 (1977). Although the language being interpreted in that case was not identical to the language in question here, the facts are similar and it provides the only precedent cited by either party which appears to be on point on the issue we have been asked to decide. In the Diebold decision, the Maryland taxpayer’s income tax returns for 1966 and 1967 were due on March 15 following each taxable year. However, for each tax return that taxpayer was granted an extension to July 15. He claimed a right to a refund for the 1966 taxable year on July 14,1970, and for the 1967 return on May 7, 1971. The Maryland Comptroller found that the refunds claimed for the years 1966 and 1967 were barred by a statute of limitations which required that refund claims be filed within three years from the date the refund was “due to be filed.” The Maryland Tax Court concluded, as this Court has, that the statute of limitations ran from the date when the returns were originally due and not from the date to which extensions were granted. However, the Maryland Court of Appeals disagreed and stated as follows:
“Diebold contends, and we think correctly, that the Tax Court erred when it concluded that Code Art. 81, § 310(b) mandated that the three-year period of limitations ran from the date when the 1966 and 1967 returns were originally due to be filed (15 March 1967 and 15 March 1968) and not from the date to which extensions were granted under Art. 81, §§ 305 and 306.”
As we construe the language of § 310(b):
“ ‘Any claim for a refund made under and pursuant hereto ... shall be filed within three years from the date the return was due to be filed ...’
“we think that it is clearly contemplated that limitations will run *46 from the date of any extension. Obviously, that part of § 310(c) which requires the State to pay interest on any refunds ‘... accounting from the date the return ... was due to be filed ...’ would not be interpreted as requiring the payment of interest from the original due date, rather than from the date to which an extension has been granted.”
Diebold, 369 A.2d at 81.
In this case, there are two plausible explanations for what the legislature meant by “last day prescribed for filing.” However, since the legislature did not bother to explain what was meant, I believe, based upon the authority previously cited, that explanation which is most favorable to the taxpayer should be adopted.
For these reasons, I dissent from the majority opinion and would reverse the judgment of the District Court.