[No. 6044.]

THE WOODS GOLD MINING COMPANY v. ROYSTON.

1. **Corporation—Residence**—The residence of a corporation is the place where by the certificate of incorporation its principal office is to be kept; and that county is the proper county in which to institute an action against it.—(193)

2. **Venue—Action Against Corporation**—An action begun in the courts of Mesa county, by a resident of that county, against a corporation resident of another county, summons in which is served in a third county, where the corporation carries on business, must, on proper application, be removed to the county in which the defendant has its residence. The fact that the corporation filed its certificate of incorporation in the county of its business, and failed to file one in the county where its office was to be kept, is immaterial.—(194)

3. **Corporation—Failure to File Certificate**—A creditor of a

corporation cannot take advantage of its failure to file the certificate of incorporation in the county where its principal office is to be kept, in order to prosecute an action against it in another county.—(194)

*Appeal from Mesa District Court*—Hon. THERON STEVENS, Judge.

Mr. G. K. HARTENSTEIN, for appellant.

Messrs. WHEELER & WEISER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action by the plaintiff Royston against the defendant corporation to recover the balance due for services which he performed for the defendant under a contract between them which was made in Arapahoe county, and was to be performed, and was performed, in Gunnison county, Colorado. Plaintiff resides in Mesa county and this action was begun in the county court of Mesa county and the summons was served upon defendant in Gunnison county. The defendant is a corporation organized under the laws of this state and by its certificate of incorporation its principal office was fixed and required to be kept at Buena Vista, Chaffee county, and its principal business was to be carried on in Gunnison county, Colorado. The plaintiff had judgment in the county court and also on defendant's appeal in the district court, and defendant has brought the case here by appeal.

Seasonably both in the county and district courts defendant moved for a change of the place of trial to Chaffee county on the ground that Mesa county, the county named in the complaint, and in the county court of which the action was brought, was not, and Chaffee county, its domicile, was the proper county for the place of trial. Sec. 27 of

the Code governs. It provides that such actions "shall be tried in the county in which the defendants, or any of them may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county; * * * Actions upon contracts may be tried in the county in which the contract was to be performed." While plaintiff resides in Mesa county, service was not made on defendant in that county, but in Gunnison county; and though the contract was to be performed in Gunnison county, the action was not begun there. Manifestly, therefore, the action was not begun in the proper county for the trial, and on defendant's request, under the plain language of this section, should have been transferred for trial, and tried in the appropriate court of the county in which defendant resided at the commencement of the action.

Plaintiff, however, says the evidence was conflicting as to the county of defendant's residence, and since the court denied its motion to change the place of trial, it must have found that defendant did not reside in Chaffee county, and we cannot interfere with this finding. Defendant's certificate of incorporation designates Buena Vista, in Chaffee county, as the place where its principal office shall be kept. This fixes its legal residence, or domicile, in Chaffee county, within the meaning of sec. 27 of our Code. Defendant, certainly, had the right, under our statute, to select its own legal residence and it did so. In addition to defendant's certificate of incorporation, which designates its legal residence in Chaffee county, are the affidavits of a number of its officers and stockholders that it kept its principal office at Buena Vista in Chaffee county and there held its annual meetings and transacted its important business, although it had a branch office in the state of

13

Missouri and also kept an office in Gunnison county where its principal business was carried on. The only evidence by which this showing by defendant, as to its residence, is said by plaintiff to have been overcome are affidavits of one or more witnesses that in Gunnison county was defendant's only office or place of business, that they never knew or heard that defendant kept an office at Buena Vista and never knew of any of its business being there transacted, and the circumstance that no certificate of incorporation was filed by defendant in Chaffee county while one was filed in the county of Gunnison. If it is allowable, by such evidence, to controvert or nullify the certificate of incorporation, such a showing does not have the probative force claimed for it. Indeed, the counter showing by plaintiff is entirely insufficient to justify the claim that defendant's residence was not in Chaffee county. Defendant's failure to file a certificate in that county and its filing one in Gunnison county did not operate to remove its principal office, or legal residence, from Chaffee, to Gunnison county. That a certificate was filed in Gunnison county has no bearing or weight whatever upon the question before us, because, by sec. 847, Rev. Stats. of Colo. 1908, it was defendant's duty to file such certificate in that county because its principal business was to be carried on there. Defendant's failure to make a filing in Chaffee county, though also required by the same section, is something of which plaintiff cannot complain. He was not misled or injured by it. If the state, in its sovereign capacity, could be heard because of this failure, that is not material here.

Whether this action might have been brought in the county of Gunnison is not here involved and, moreover, is not material, as defendant, in the answer, gave its consent to a transfer there but was

refused. It is altogether clear that, while the court acquired jurisdiction of the action by the service of summons upon defendant in Gunnison county, it was its imperative duty to change the place of trial to Chaffee county upon the seasonable application of defendant therefor. It had no power in the premises further, or other, than to order the transfer to be made, and its trial of the case after the application was made, and its judgment, were in excess of its jurisdiction. This has been so often decided in this state that it would seem superfluous to cite authorities. We may, however, refer to *D. & N. O. Construction Co. v. Stout,* 8 Colo; 61; *D. & R. G. R. R. Co. v. Cahill,* 8 Col. App. 158; *Fletcher v. Stowell,* 17 Colo. 94; *Smith v. People,* 2 Col. App. 99; *Brewer v. Gordon,* 27 Colo. 111.

The judgment must be reversed and the cause remanded with instructions to the district court to proceed in accordance with the views here expressed.

*Reversed and remanded.*

Chief Justice Steele and Mr. Justice Musser concur.