[No. 7965]

PRICE v. LUCKY FOUR GOLD MINING COMPANY.

1. VENUE—*Change of Venue*—Action in Pueblo District Court against The American Smelting & Refining Company. On defendant's motion, under Rev. Code Sec. 18, Price was substituted as defendant. The action was for the value of ores extracted by Price from mining premises situated in La Plata County, and adversely claimed by plaintiff. Price lived in La Plata and was never served with process in Pueblo County. He appeared only to demur, at the same time demanding a change of venue to La Plata. *Held*, he was entitled thereto as of right.

2. PLEADING—*Demurrer*, is not a waiver of the right to a change of the venue.

*Error to Pueblo District Court.*—Hon. C. S. ESSEX, Judge.

Messrs. McCLOSKY & MOODY and Mr. CHARLES D. BRADLEY, for plaintiff in error.

Mr. JOSEPH DYE, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

On the 29th day of December, 1911, the Lucky Four Gold Mining Company filed its complaint in the district court of Pueblo county against the American Smelting and Refining Company, alleging that on or about the 6th day of December, 1911, the defendant was and is indebted to the plaintiff in the sum of $200.00 on account of gold, silver and copper ore sold and delivered by the plaintiff to the defendant, at Durango, Colorado, in D. & R. G. car No. 6034, and known as smelter lot No. 3549, and praying judgment for the amount claimed.

On the 27th day of January, 1912, the defendant, the American Smelting and Refining Company, acting under section 18 of the civil code, and in full compliance therewith, filed a motion for substitution of party defendant,

and discharge of the defendant Smelting and Refining Company, together with a stipulation in relation thereto between the plaintiff and the smelting and refining company, defendant. This motion stated in substance that the ore in question was delivered to the defendant at Durango by one John M. Price; that its value was $177.63, which sum the defendant was then holding; that the plaintiff has made and is making the demand upon the defendant for the value of the said ore, and that the said Price prior to the institution of the suit, now and at all times since, has likewise made and still makes, demand upon the defendant for the value of the said ore, and that Price still claims that the said ore was his property, and that he is entitled to the value thereof; that the defendant has no interest in the controversy except that it desires that the sum of money so held by it may go to the person or party entitled thereto, and tendered the said sum of money into court. This motion was supported by affidavit.

The proper notice of the intention to file the said motion with a copy thereof, was served upon Price at Durango, La Plata county. On the 7th day of March, 1912, the court entered an order granting said motion of substitution and the discharge of the American Smelting and Refining Company as defendant in the cause, and from liability to either the plaintiff or Price, and substituting Price as the party defendant. This order was to become effective upon the payment of the sum of money so stated, into court.

Price appeared by his attorney and excepted to the making and entering of the order of substitution and discharge. This objection was overruled. Price was then ruled to plead within thirty days, and the plaintiff to plead within thirty days after service of a copy of defendant's pleading.

On April 6th, 1912, the defendant Price filed his demurrer to the complaint of the plaintiff in the following language:

"The defendant John M. Price, in the above entitled cause, by his attorneys McCloskey & Moody and C. D. Bradley, without waiving his right to an application for a change of venue herein, demurs to the complaint of the plaintiff in said action upon the following grounds, viz.:

"1.   That said complaint does not allege and state facts sufficient to constitute a cause of action against defendant."

At the same time Price also filed his motion for a change of venue and upon the grounds as follows:

"1.   That the county designated in the complaint herein, namely, the county of Pueblo, in said state of Colorado, is not the proper county in which, under the law, this action should be tried, such proper county being the said county of La Plata.

"2.   That this action, in so far as this defendant is concerned, if for anything, is for a pretended conversion, in the county of La Plata, and state aforesaid, of the ores mentioned in the complaint; and this defendant, at the time of the commencement of this action, and for a number of years prior thereto, was, and ever since the commencement of this action has been and now is a citizen and resident of said county of La Plata, and service of summons, or service of any process whatever, in this action was not and has not been made upon this defendant or any defendant in the case, in said county of Pueblo.

"3.   That this action, if maintained, will involve the question of the ownership of the Buckwheat Lode Mining Claim, situated in the California mining district, in said county of La Plata, from which the ores mentioned

in the complaint were mined and taken, and the determination of the interests of this defendant and others in said mining claim, and their right to occupy, possess, enjoy, and mine the same, and to have the ores taken therefrom, including the ores in question, as a prior valid mining location made upon the public mineral lands of the United States, held adversely to the plaintiff herein, and as against a pretended right thereto, or a portion thereof, by the plaintiff under and by virtue of a wrongful and pretended relocation and the filing of a pretended amended location certificate of its Lucky Four No. 2 Lode Claim, dated on or about October 23, 1911, and subsequent to the location of the said Buckwheat Lode, whereby its said No. 2 Lode claim was made to overlap a portion of the said Buckwheat Lode, including a part of the ground from which said ore was taken.''

This motion was supported by affidavits. While the demurrer and motion for change of venue was pending and on the 12th day of October, 1912, the plaintiff, with leave of court, filed its amended complaint differing from the original complaint only in that the amount claimed is $177.63, and reciting that the American Smelting and Refining Company is a non-resident corporation doing business in the state of Colorado, and that since the bringing of the action the said company has paid to the clerk of the district court of Pueblo county the said sum of $177.63, which amount is the value of the gold, silver and copper ore sold and delivered by the plaintiff to the defendant at Durango, Colorado, on the 6th day of December, 1911. The substituted defendant Price, was permitted to withdraw his demurrer to the supplemental complaint.

The motion for change of venue was overruled, whereupon the defendant Price declined to plead further and elected to stand upon his application for change of

venue.  The court thereupon rendered judgment in favor of the plaintiff, the Lucky Four Gold Mining Company. The only alleged error relied on, is the action of the court in declining to grant the change of venue.

It may be stated that there is no dispute but that at all times mentioned, the Lucky Four Gold Mining Company was a Colorado corporation with its place of residence at Pueblo; that the American Smelting and Refining Company was a foreign corporation authorized to do business in the state of Colorado, with its headquarters and business offices in the city of Denver, and that the plaintiff in error, John M. Price, was a resident and citizen of Durango in La Plata county, Colorado, to which county the change of venue was asked.

The action was instituted in Pueblo county, service of summons was made on the American Smelting and Refining Company in the city and county of Denver, and service of notice of the motion for substitution and discharge was made on Price in La Plata county.

Within the time in which Price was ordered to plead he filed his motion for a change of venue to La Plata county.

It will be observed that in this motion for discharge and substitution by the American Smelting and Refining Company, and in the affidavits in support thereof, it was declared that the said company received the ores from John M. Price, and not from plaintiffs, and that these ores came from mining property, title to which was claimed by both the defendant and Price, and in consequence both claimed the right to the proceeds thereof. Further, that in certain actions pending in the courts of La Plata county, this question of title was in process of litigation between Price and the plaintiff.  These allegations were not disputed by the plaintiff, but, on the con-

trary, it stipulated that such substitution, and for the reasons stated, should be ordered by the court.

The plaintiff, thus in effect agreed, and the court must have necessarily found, that the statements upon which such motion was based were true, else the order of substitution and discharge could not have been entered. Hence, this action is in fact one for alleged wrongful conversion, occurring in La Plata county, where Price resided, and not one of account between the plaintiff and the smelting and refining company, as alleged in the complaint. For this reason the case does not come within the provision contained in section 27 of the code, as contended by the plaintiff, that "Actions on book accounts or for goods sold and delivered, may be tried in the county where the plaintiff resides, or in the county where the goods were sold," but does come clearly within that provision of section 27 of the code, that; "In all other cases the actions shall be tried in the county in which the defendants, or any of them may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county."

Upon the entry of the order of substitution and discharge, Price became the sole defendant. The action there became one of alleged wrongful conversion of the ores of plaintiff by Price and within the county of La Plata, where Price resided. Price was entitled under the statute to have this issue tried in the county of his residence. He filed his motion for a change of venue in apt time. His right thereto was absolute, and the funds so deposited must abide the judgment of the court.

The last expression of this court upon right to a change of venue is found in *The Woods Gold Mining Company v. Royston,* 46 Colo. 191, 103 Pac. 291, where it was said:

"It is altogether clear that, while the court acquired jurisdiction of the action by the service of summons upon defendant in Gunnison county, it was its imperative duty to change the place of trial to Chaffee county upon the seasonable application of defendant therefor. It had no power in the premises further, or other, than to order the transfer to be made, and its trial of the case after the application was made, and its judgment, were in excess of its jurisdiction. This has been so often decided in this state that it would seem superfluous to cite authorities."

But it is said that even though the defendant in this case had such right, he waived it by filing his demurrer to the complaint.

It has been decided by this court that in case where after the overruling of defendant's motion for a change of venue, the parties thereafter voluntarily appeared and went to trial without objection, they reinvested the court with jurisdiction. *Phoenix Inv. Co. v. Gregor,* 39 Colo. 195, 88 Pac. 1066.

But no case has been called to our attention where it had been held that a defendant waives his statutory right in this particular by the filing of a demurrer.

The precise question was determined in the case of *Smith v. Post, P. & P. Co.,* 17 Colo. App. 243, 68 Pac. 121, where the court said: "The mere entering of a general appearance and filing of a demurrer to the complaint, contemporaneous with his motion, should not defeat his right. The latter act has no bearing whatever upon his right to invoke the privilege allowed him by statute and indicates no intention to waive it, because the court has full jurisdiction, and by virtue of the summons already served he is compelled to appear and plead at some time, whether the place of trial is changed or not."

In the pending case the defendant Price filed his motion for a change of venue and his demurrer to the complaint at the same time, and within the period in which he had been ruled to plead. Beside, the demurrer in express terms declared that it was without waiver of defendant's right to his application for a change of venue.

The judgment is reversed with instruction to enter an order granting the defendant's motion for a change of venue to La Plata county.

MUSSER, C. J., and GARRIGUES, J., concurring.