STATE EX REL. BONNERS FERRY LUMBER CO., LTD., RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 5,786.)

(Submitted October 2, 1925.   Decided October 20, 1925.)

[240 Pac. 388.]

*Change of Venue—Confession of Motion—Effect—Summons—Prohibition.*

Change of Venue—Where Movant Entitled to Change, Court Deprived of Power to Pass upon Other Questions in Case.
    1.   Where a defendant moves for a change of venue upon a ground which entitles him to the change as a matter of right, the court must grant the motion, and after presentation of such a showing the court has no right to pass upon any other question in the case, the movant being thereafter entitled to have all other judicial action in the cause determined in the court of the proper county.

Summons—Issuance Exhausts Power of Clerk to Issue Other Than *Alias* Summons.
    2.   After summons is issued correctly in compliance with section 9107, Revised Codes of 1921, no other summons, save an *alias* summons, may issue, and the latter only upon a showing that the statutory exigency exists and that the requirements of the statute have been met.

Change of Venue—Demand not Waived by Motion to Quash Service of Void Summons.
    3.   Where pending a motion for change of venue plaintiff obtained a "new" but not an *alias* summons in an unauthorized manner, the defendant in unnecessarily attempting to protect itself by moving to quash the service of such summons did not waive its

---

1.   Prohibition against court proceeding with a case in which it erroneously denied a change of venue, see notes in Ann. Cas. 1913D, 596; 2 L. R. A. (n. s.) 395; L. R. A. 1917F, 911. See, also, 27 R. C. L. 826.

demand for change of venue, and the court in refusing to quash committed error.

Same—Confession of Motion Tantamount to Stipulation for Change—Duty of Court.
4. Confession of a motion for change of venue is tantamount to a stipulation for a change, and under section 9102, Revised Codes, where the parties stipulate to that effect, the district court must order the change to the county agreed upon.

Prohibition—When Writ will not Issue.
5. Where the judge of the district court to which the venue of a cause had been changed, in answer to an order to show cause on application for writ of prohibition asked for on the ground that in the absence of relator's appearance in answer to a void summons said judge would render judgment by default, denied knowledge that the cause had been transferred to his court or any intention to take action in it, and averred that relator had not applied to his court for any relief, the proceeding will be dismissed, the presumption being that the court will follow the law.

Process, 32 Cyc., p. 446, n. 25; p. 447, n. 31 New.
Prohibition, 32 Cyc., p. 602, n. 23; p. 624, n. 58.
Venue, 40 Cyc., p. 118, n. 34; p. 122, n. 99; p. 125, n. 24; p. 155, n. 48.

APPLICATION by the State of Montana, on the relation of the Bonners Ferry Lumber Company, Limited, for a writ of prohibition to the District Court of the Eleventh Judicial District in and for Lincoln County and C. W. Pomeroy, Judge thereof. Application denied and proceeding dismissed.

Cause submitted on briefs of Counsel.

Mr. *Chas. W. Briggs,* Messrs. *Norris, Hurd & Rhoades* and Mr. *H. C. Hall,* for Relator.

Mr. *Timothy Nolan* and Mr. *Harlow Pease,* for Respondents.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an application for a writ of prohibition. The following facts, with others not necessary to be narrated, appear from the pleadings:

In December, 1924, Jack McAllister began suit against the relator here, Bonners Ferry Lumber Company, Limited, a foreign corporation, and thirty-six others, to recover actual

and exemplary damages. Summons having been issued upon the complaint, service was made upon relator December 22, 1924, in Lincoln county, by serving a copy of the summons and complaint upon relator's process agent, who resided at Libby in that county. In due time thereafter relator made a special appearance in the action for the purpose of quashing the service of summons; motion to that end was made and denied, after which relator filed a demurrer to the complaint and therewith a demand, affidavits and motion for a change of venue from Silver Bow county, where the action was begun and was then pending, to Lincoln county. As grounds for the change of place of trial relator averred that the city of Libby in Lincoln county at all times had been and then was the principal place of business and the legal residence of the relator within this state; that service of summons was made upon relator in that county; that the statutory agent and the only agent of relator in Montana then was, and for many years last past had been, a resident of Libby; that as appears from the complaint the tort, if any, of which plaintiff complained and for which he is seeking to recover damages, was committed in Lincoln county, if committed at all in the state of Montana. While the demurrer, demand and motion were pending and undetermined, and on April 16, 1925, plaintiff's attorneys, without any written demand and without showing any cause in writing therefor, procured from the clerk of the district court of Silver Bow county, in said action, another summons in the form of an original. This is referred to as a "new" summons. This new summons was served upon R. H. McCoy, the vice-president and general manager of relator, at Missoula, Montana, on April 21, 1925, by one Thomas Kane, who made affidavit to the fact.

McCoy, a resident and citizen of the state of Idaho, was then in Missoula in attendance upon the United States district court, as a witness, and for the sole purpose of testifying in certain actions pending in that court wherein Thomas Kane

and Richard Moore were plaintiffs and the Bonners Ferry Lumber Company was a defendant.

Relator, claiming exemption from such service of summons, immediately thereafter appeared specially in the district court of Silver Bow county moving that the service of the new summons be quashed and set aside because made upon McCoy while he was within this state for the sole purpose of being a witness, alleging that he was then exempt from service of summons; also alleging "that no *alias* summons could be issued herein for service upon said Bonners Ferry Lumber Company, Limited, under the provisions of section 9108 of the Revised Codes of Montana 1921, since the original summons issued herein was returned as having been served upon said Bonners Ferry Lumber Company, Limited."

The motion to quash the service of summons came on for hearing before Judge George Bourquin upon May 23, was argued by counsel and submitted to the court. Counsel were given twenty days to present authorities to the court. At the same time the motion for change of venue was argued and submitted, counsel being given ten days to present authorities. On June 1 plaintiff's attorneys, by writing filed that day, expressly confessed relator's motion for a change of place of trial to Lincoln county. Following this, relator, on June 4, forwarded to the clerk of the court of Silver Bow county, for the signature of the judge, an order transferring the cause to Lincoln county, but relator avers: "The said court and said judge thereof refused to make and sign said order, or any order transferring said cause to Lincoln county, until he had passed upon and decided relator's motion to quash service of summons, pending as hereinbefore set forth."

On July 6 the court denied relator's motion to quash the service of summons but did make an order transferring the cause to Lincoln county, pursuant to relator's demand and motion, confessed by plaintiff's attorneys as aforesaid. Pursuant to the court's order the pleadings and papers in the

action were transmitted to the clerk of the court of Lincoln county in whose office they were filed on July 10.

In its application for the writ relator alleged that in view of the foregoing situation, unless the relief prayed for be granted to petitioner, the clerk of the district court of Lincoln county would, in the absence of an answer or appearance in response to the new summons, upon application of the plaintiff enter the default of the relator in said action for failure to appear or answer, and that thereupon the district court of Lincoln county and Honorable C. W. Pomeroy as judge thereof would "proceed with a determination of said action and make orders and give judgment therein in accordance with the prayer of plaintiff's complaint."

The relief asked for is a writ quashing and setting aside the service of the summons made upon relator on April 21 and annulling and setting aside the order of the district court of Silver Bow county denying relator's motion to quash the service of summons, and enjoining and prohibiting the respondents district court of Lincoln county, and its judge and clerk, from proceeding in any manner upon the new summons.

In their brief counsel for respondents say: "It may be admitted that this second service was insufficient to confer jurisdiction of the person of the Bonners Ferry Lumber Company; it could not be shown that McCoy was its 'managing agent within this state.' We base our contention herein that the writ should not issue flatly upon the proposition that the Bonners Ferry Lumber Company made a voluntary general appearance on the same day that it moved to quash the service."

It may be conceded that the filing of a motion for a change of venue constitutes a general appearance. But the question [1] here may not thus be narrowed; the facts do not justify it. After the original summons was served relator seasonably moved to quash the service; that motion being denied, relator filed a demurrer and moved for a change of venue. There-

upon the court's first duty was to pass upon the motion for a change of venue. Where a defendant in pursuance of the statute moves for a change of place of trial upon a ground which entitles him to the change demanded as a matter of right, the court has no option but to grant the motion; its discretion is not invoked. Furthermore, when the movant's papers present such a showing the court has no right to pass upon any other question in the case. A defendant entitled to have his motion granted has the right to have all other judicial action in the cause determined in the district court of the proper county. (*Nolan* v. *McDuffie*, 125 Cal. 334, 58 Pac. 4; *Brady* v. *Times-Mirror Co.*, 106 Cal. 56, 39 Pac. 209; *Miles* v. *Wright*, 22 Ariz. 73, 12 A. L. R. 970, 194 Pac. 88; *People* v. *District Court*, 30 Colo. 123, 69 Pac. 597; *Woods Gold Min. Co.* v. *Royston*, 46 Colo. 191, 103 Pac. 291; *State* v. *Superior Court*, 97 Wash. 358, L. R. A. 1917F, 906, 166 Pac. 630.)

Now, while the demurrer and motion were pending and un-[2] determined the so-called new summons was procured from the clerk of the court. It was a nullity. Summons may be issued and served only as the law directs. The issuance of a summons originally is provided for by section 9107, Revised Codes of 1921. When a summons is issued correctly by compliance therewith, it is to be deemed the original summons in the case. In order that another, or *alias*, summons may issue it must be shown that the statutory exigency exists and that the statutory requirements have been met. (32 Cyc. 446.)

The issuance of an *alias* summons in this state is regulated by section 9108, which provides that if the summons, referring here to the original summons, "is returned without being served on any or all of the defendants, or part of defendants, or if it has been lost, the clerk, upon demand of the plaintiff, or his attorney, accompanied by a statement in writing filed with the clerk that said summons has been lost, or has not

been served upon any or all of the defendants, shall issue an *alias* summons in the same form as the original."

A "new" summons may not be had; none but an *alias* is provided for, and that may not be issued unless the statement in writing prescribed by the statute is filed. By the unauthorized act of the plaintiff the so-called new summons was obtained, served upon McCoy, and return made. Certainly relator by moving to quash the service of the summons did not waive its demand and motion for a change of venue. It was merely attempting, but unnecessarily (*Farris* v. *Walter*, 2 Colo. App. 450, 31 Pac. 231), to protect itself from the anomalous situation in which it was placed without its fault; and in arguing that motion relator's counsel did not vary the situation in the least. Relator's motion for change of venue, pending long prior to the futile gestures anent the "new" summons, took precedence. The court by law was required to hear the motion for a change of venue, and by law prohibited from hearing—without jurisdiction to hear—the motion to quash the service of the summons.

Even after the motion for change of venue was confessed, the court persisted in passing upon the motion for change of venue.

By the provisions of section 9102, Revised Codes of 1921, the parties to an action by stipulation or by consent in open court entered in the minutes may agree that the place of trial may be changed to any county in the state. "Thereupon the court must order the change as agreed upon." Relator's motion, confessed by plaintiff, was tantamount to a stipulation. The court's order denying the motion to quash was not only error but a nullity. Upon the record, it is not even fair on its face.

Answering the order to show cause Judge Pomeroy denies that he ever intended or threatened to take any action in the cause; that he was not aware that the cause had been

transferred to the district court of Lincoln county; avers that relator has not applied to that court for any relief.

Upon the record as presented we need go no further. It is believed that neither the clerk of the court of Lincoln county nor the judge who presides over that court will do any of the acts which the application here was designed to prevent. There does not seem to be any reason for apprehending that the district court of Lincoln county will not follow the law; the cause is before it as though the so-called new summons had never been issued.

The application for a writ of prohibition is denied and the proceeding is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.