No. 83-153

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

DAVID J. LETFORD AND DEBORAH R. LETFORD,

Plaintiffs and Respondents,

-vs-

WILBERT KRAUS AND VIVIAN L. KRAUS,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Granite,
The Honorable Robert J. Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Rex Palmer, Missoula, Montana

For Respondents:

J. Allen Bradshaw, Philipsburg, Montana

---

Submitted on Briefs: July 21, 1983

Decided: November 15, 1983

Filed: NOV 1 5 1983

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant sellers of real property in Granite County appeal from a Granite County District Court order denying their request for a change of venue to Missoula County. Plaintiffs purchased the real property from the defendants and the sole issue for trial is whether defendants breached their warranty to deliver the property without defects. We affirm and hold that venue is proper in Granite County.

The buyers, David and Deborah Letford, filed suit in Granite County against the sellers, Wilbert and Vivian Kraus, alleging a breach of warranty in failing to deliver real property free of defects, the real property being in Granite County. At the time suit was filed, the buyers were residents of Granite County and the sellers were residents of Missoula County. The defendant sellers moved on three grounds to have the trial changed to Missoula County. First they alleged that, as residents, they were entitled under section 25-2-108, MCA, to be sued in the county of their residence. Second, they alleged that the contract was to be performed in Missoula County. Third, they alleged that convenience of witnesses required a change of venue to Missoula County.

We hold that the trial court properly found the contract was to be performed in Granite County, which, under section 25-2-101, MCA, defeats the right of the sellers to be sued in their county of residence. We further hold that the trial court properly exercised its discretion in holding that the convenience of witnesses did not require a change of venue to Missoula County.

The record indicates that the real estate deal for property located in Granite County was closed in Missoula County and that payments under the contract for deed were paid into an escrow account in Missoula. However, when the buyers filed this action, all payments under the contract had been made, and the sellers acknowledged this fact. The buyers' complaint deals solely with the issue of whether the house had a defective fireplace and sewer system.

Sometime after taking possession of the house in 1981, the buyers allegedly experienced problems with the fireplace and sewer system. The parties agreed that the fireplace needed some work, and arrangements were made for the escrow agent to set aside $2,850 of the purchase money to repair the fireplace. The buyers then had the fireplace and sewer system repaired but allege that their personal outlay for the repairs exceeded the $2,850 in the escrow account by $12,231.69. The buyers therefore seek $12,231.69 as damages.

The sellers present essentially two issues on appeal. First, they argue that under the general statutory rule, venue is proper in Missoula County because that is where they reside. Sellers agree that suits on contracts may be brought in the county where the contract is to be performed, regardless of where defendant resides. Sellers argue, however, that the contract here was to be performed in Missoula County, not Granite County as alleged by buyers, and therefore venue remains proper in Missoula County. Second, sellers argue that the trial court abused its discretion in denying their request for a change of venue when sellers presented "uncontradicted" evidence that hardship and inconvenience would result to sellers and their witnesses if the case was tried in Granite County.

Subject to the specific exceptions provided in sections 25-2-101 through -107, MCA, the statutory rule in Montana is that a defendant is entitled to be sued in the county where he resides. That general rule is set out in section 25-2-108, MCA, which provides that "In all other cases . . ." (not specifically dealt with in sections 25-2-101 through -107, MCA), the action shall be tried in the county where defendant resides. Section 25-2-101, MCA, however, provides a specific exception in suits on contracts. That section gives the plaintiff a choice to bring the action on the contract in the county where the contract was to be performed, regardless of where defendant resides. Buyers in this case are entitled to try the case in Granite County if the contract in question was to be performed there. Payment of monies was only part of the performance. The gravamen of buyers' complaint is whether sellers have performed by delivering the property in Granite County defect-free. The issue has nothing to do with the payments in Missoula.

We have held that where there is no clear expression on the face of the contract, the place of performance can be indicated by "necessary implication." LaForest v. Ronald Leland and Company (1977), 171 Mont. 518, 559 P.2d 1177. The real property in question is located in Granite County. Assuming, as alleged, that sellers were to perform by delivering the property defect-free, the fact that the property is located in Granite County necessarily implies that performance by delivery would take place in that county. Therefore, buyers are entitled under section 25-2-101, MCA, to bring this action in Granite County.

Sellers also argue that under section 25-2-201(3), MCA, the trial court was required to grant their request for a

- 4 -

change of venue to Missoula County because the "uncontradicted" evidence showed a trial in Granite County would inconvenience them and their witnesses. Sellers presented the testimony of seller, Wilbert Kraus, and affidavits of prospective witnesses to show that travel to and from Granite County would disrupt their work schedules and jeopardize their employment. However, the trial court has wide discretion under section 25-2-201(3), MCA, to determine whether the evidence warrants a change of venue. Being familiar with the geographic distances between the counties, the trial court here determined that sellers and their witnesses would not be greatly inconvenienced by trying the case in Granite County and refused to move the action to Missoula County.

We believe the trial court was correct in determining that venue is proper in Granite County, despite the testimony of Kraus and the affidavits of defense witnesses, and the failure of the trial court to hear evidence from the buyers contesting the motion. Sellers' evidence went "uncontradicted" because the trial court refused defendants' motion without hearing evidence from plaintiffs. Sellers were not prejudiced by the failure of the trial court to hear defendants' evidence contesting the motion. Further, in cases involving real property, the location of the property is an important factor in determining proper venue, and the trial court relied heavily on this fact. The complaint alleges breach of warranty to deliver defect-free real property in Granite County. The trier of fact must determine whether the property was in fact defective and may desire to visually inspect the property regarding repairs and modifications. Any visual inspection would have to be in

Granite County and that fact militates against changing venue for purposes of the sellers' convenience. We hold that the trial court did not abuse its discretion in refusing to grant sellers' motion under section 25-2-201(3), MCA.

We briefly comment on the trial court's denial of the sellers' motion without hearing evidence from the buyers who contested the motion for change of venue. While this procedure did not prejudice the buyers here, it is conceivable that an appeal where only part of the evidence is heard would require this Court to remand the case so that the other side could present their evidence. This procedure could well result in a double appeal on a preliminary question of a change of venue, and we therefore recommend that in the future all the evidence be presented before the trial court rules.

The order of the trial court keeping venue in Granite County is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -