No. 88-157

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

MONTANA WHOLESALE ACCOUNTS SERVICE,

        Plaintiff and Respondent,

  -vs-

JAY PENINGTON, d/b/a PENINGTON PLACE,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Emmons and Coder; Robert J. Emmons, Great Falls,
Montana

    For Respondent:

        Terry L. Seiffert, Billings, Montana

---

Submitted on Briefs:  June 16, 1988

Decided:  July 19, 1988

Filed:  JUL 1 9 1988

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


This is an appeal from an order of the District Court, Thirteenth Judicial District, Yellowstone County, denying appellant's motion for change of venue. We affirm.

Appellant Penington presents two issues on appeal.

1. Did the District Court abuse its discretion in denying Penington's December 23, 1987 motion for change of venue?

2. Is Penington entitled to attorney fees associated with this appeal?

The appellant contracted with Epcon Sign Company (Epcon) to purchase and install certain signs as part of the renovation of a building called Penington Place located in Great Falls. Epcon's main office is located in Yellowstone County but Penington dealt only with the Great Falls office and its manager. Epcon installed the signs but problems arose and Penington defaulted on the two sale agreements. Epcon assigned its right to the respondent, Montana Wholesale Accounts Service (Montana Wholesale), who commenced this suit in Yellowstone County pursuant to a venue clause in the agreements. The clause states as follows:

> In the event it should become necessary for EPCON to bring suit for payments or to enforce any other rights under this agreement, venue may be laid in Yellowstone County, Montana at EPCON'S option.

Penington filed a motion for a change of venue based on § 25-2-121, MCA, which places venue for actions upon contracts. This motion was denied. Penington then filed a motion to change venue for the convenience of witnesses as allowed by § 25-2-201(3), MCA. This motion was also denied and it is from this order that Penington appeals.

Penington argues that the facts of this case cannot support the District Court's decision to leave venue in Yellowstone County because three of four possible witnesses are in Cascade County and the property subject of the contracts is located there also. He argues that an abuse of discretion occurs if the evidence does not show an even balance of convenience for the witnesses.

This Court has held that contractual stipulations to venue are not against the public policy of this state and are authorized by § 25-2-202, MCA. Electrical Products Consolidated v. Bodell (1957), 132 Mont. 243, 247, 316 P.2d 788, 790. When faced with such a provision the Court must place venue in the stipulated county when requested by the parties. Section 25-2-202, MCA. We do not mean this to say a stipulation removes the discretion of the court to change venue when the convenience of witnesses and the ends of justice require it. Section 25-2-201, MCA, states:

> The court or judge must, on motion, change the place of trial in the following cases:
>
> . . .
>
> (3) when the convenience of witnesses and the ends of justice would be promoted by the change.

However, an agreement to place venue in a particular county is a most important factor for the court to consider. Given the court's wide discretion under § 25-2-201(3), MCA, see Letford v. Kraus (1983), 206 Mont. 493, 496-97, 672 P.2d 265, 267, we will not disturb the court's decision in absence of clear evidence of abuse of that discretion. Brown v. First Federal Savings & Loan Assn. (1964), 144 Mont. 149, 156, 394 P.2d 1017, 1021. Since the parties agreed to place venue in Yellowstone County should a dispute on the contracts arise and the plaintiff's main office and office manager are

located there, we hold that the District Court did not abuse its discretion in refusing to grant Penington's motions under § 25-2-201(3), MCA.

Appellant Penington next asks that this Court award him attorney fees for this appeal because Montana Wholesale was dissolved at the time it filed its complaint and therefore was not a legal entity making the suit frivolous.

Having disposed of appellant's first issue in favor of respondent, we need not address the issue of attorney fees.

Affirmed.

_William E. Hunt_
Justice

We Concur:

_John Conway Harrison_

_____

_R. C. McDonough_

_John C. Sheehy_
Justices

- 4 -