No. 88-166

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

LEASING, INC., a Montana corporation,

                    Plaintiff and Respondent,

        -vs-

DISCOVERY SKI CORPORATION, a Montana
corporation, and PETER PITCHER,

                    Defendants and Appellants.

---

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

               J. Allen Bradshaw, Philipsburg, Montana

        For Respondent:

               Richard J. Pyfer; Small, Hatch, Doubek & Pyfer,
               Helena, Montana

---

Submitted on Briefs:   Nov. 3, 1988

Decided: December 13, 1988

Filed: '88 DEC 13 PM 12 13

*Clerk, Montana Supreme Court*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendant Discovery Ski Corporation (Discovery) appeals from an order of the First Judicial District, Lewis and Clark County, requiring Discovery to dismiss its action against Leasing, Inc. (Leasing) filed in Justice Court, Granite County, on the grounds that filing the Justice Court action was an abuse of process. We affirm.

The question presented on appeal is: Did the District Court correctly dismiss Discovery's action as an abuse of process and a breach of contract terms when Discovery filed a complaint in Justice Court in Granite County with full knowledge that an action had previously been filed against it by Leasing in Lewis and Clark County?

Leasing is a Helena business that leased fire suppression equipment to Discovery. On October 10, 1986, Leasing filed a complaint against Discovery in the Lewis and Clark District Court for breach of contract.

The complaint alleged that on August 7, 1987, Discovery agreed to lease fire suppression equipment from Leasing for a term of ten years at $165.00 per month; that Leasing performed its part of the contract; and that Discovery now refuses to make its payments. The contract signed by the parties contains the following language:

> 13. The LESSOR and LESSEE agree that any cause of action filed as a result of a breach or violation of any terms of this agreement shall be filed in the City of Helena, Lewis and Clark County, State of Montana.
>
> The LESSOR and LESSEE understand and agree that performance of this agreement is in the City of Helena, Lewis and Clark County, State of Montana.

The sequence of events leading to this dispute is as follows:

October 11, 1986, Peter Pitcher, an officer of Discovery, was served with summons and complaint in this action, by certified mail. The cause of action was for failure to pay sums owed to Leasing under the lease.

October 14, 1986, defendant Discovery was served in the same manner.

October 23, 1986, Pitcher filed a complaint in Justice Court in Granite County, Philipsburg, Montana, against Leasing. The complaint alleged that Leasing failed to comply with the Montana Fire Code in that Leasing failed to install an automatic electric power shut off device which is required by law.

October 28, 1986, the Granite County summons and complaint were served by the sheriff on Neil Flaherty (not a party to this action) as owner of Leasing.

November 13, 1986, Leasing made a motion to consolidate the Granite County justice court action and the Lewis and Clark County action on the ground that the subject matter was the same. The motion was denied December 12, 1986.

November 18, 1986, Leasing served summons and complaint on Pitcher and Discovery by sheriff's service.

December 11, 1986, Discovery, without Pitcher, made a special appearance and a motion to dismiss Leasing's action on the ground that jurisdiction had attached in Granite County.

May 15, 1987, Leasing moved for default on the first action on both Discovery and Pitcher for failure to appear. A hearing on that motion was set for May 28, 1987.

May 26, 1987, Discovery and Pitcher made a special appearance to dismiss Leasing's action and at the same time responded to Leasing's motion for entry of default for failure to answer by asserting that no answer was due because the previous motion to dismiss for lack of jurisdiction had not been ruled on. They also noted they would not appear at the May 28, 1987 hearing on the motion for default.

The general rule of venue is that the proper place of trial for all civil actions is in the county in which the defendants . . . reside at the commencement of the action. Section 25-2-118, MCA; see also Deimler v. Ostler (1979), 183 Mont. 480, 600 P.2d 814. However, in actions upon contracts, venue is governed by § 25-2-121(b), MCA: The proper place of trial for actions upon contracts is:

> . . . (b) the county in which the contract was to be performed. The county in which the contract is to be performed is:
>
> (i) the county named in the contract as the place of performance,. . .

The contract between Leasing and Discovery contains express terms that the place of performance is Helena, in Lewis and Clark County. The terms of this contract are not contradicted.

When, at the time of contracting, the parties have agreed upon a particular county wherein they mutually intended their contract <u>was to be performed</u> such agreement will be respected and given effect for it is a part of the freedom of contract to select the place where the contract will be performed. Hardenburgh v. Hardenburgh (1944), 115 Mont. 469, 146 P.2d 151.

The contract before us, signed by all parties, plainly indicates that it was the mutual intention of the parties at the time of contracting that the contract was to be performed in Lewis and Clark County and any action brought on the contract was to be brought in Lewis and Clark County.

Nonetheless, Discovery, with full knowledge of the pending Lewis and Clark County District Court suit by Leasing, filed an action against Leasing, in the Justice Court of Granite County. This was an attempt by Discovery to thwart the plain provisions of the written contract, and a

- 4 -

use of the court system to accomplish that goal. Such action constituted an abuse of process. Brault v. Smith (1984), 209 Mont. 21, 28-29, 679 P.2d 236, 240.

The District Court is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices