NO. 94-442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

MICHAEL D. MORAN,

      Plaintiff and Appellant,

  v.

GRAHAM JACKSON, individually, and
AMCO Building Systems, Inc.,
a Montana corporation,

      Defendants and Respondents.

FILED

JUN 19 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Ted 0. Lympus, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Andrew M. Bittker, Attorney at Law,
          Kalispell, Montana

      For Respondents:

          Kathleen O'Rourke-Mullins, Sullivan
          & Tabaracci, Missoula, Montana

Submitted on Briefs: April 11, 1995

Decided: June 19, 1995

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiff, Michael D. Moran, filed a complaint in the District Court for the Eleventh Judicial District in Flathead County, in which he named Graham Jackson and AMCO Building Systems, Inc., as defendants. The bases for his complaint were the defendants' alleged breach of contract, negligence, breach of warranty, fraud, and misrepresentation. The District court concluded that pursuant to the parties' contract proper venue for Moran's claims was in Missoula County, and dismissed Moran's complaint. Moran appeals the order of the District Court dated May 12, 1994. We affirm in part and reverse in part.

The following issues are raised on appeal:

1. Did the District Court err when it refused to enjoin defendants from bringing a foreclosure action?

2. Did the District Court err when it concluded that pursuant to the parties' contract, the proper venue for the claims raised by the plaintiff was in Missoula County?

3. Did the District Court err when it dismissed plaintiff's complaint based on its conclusion that venue was proper in Missoula County?

4. Was it an abuse of process for defendants to commence their foreclosure action in Missoula County while plaintiff's claim was still pending in Flathead County?

## FACTUAL BACKGROUND

On February 26, 1993, Moran filed a complaint against Graham Jackson and AMCO Building Systems, Inc. His complaint was based on

a contract between himself and the defendants for real property improvements in Flathead County. He alleged that the defendants had breached their building contract with him, that they performed their responsibilities pursuant to that contract negligently and recklessly, that they breached their warranties to him, that they misrepresented their qualifications to him, and that as a result of these actions, he had sustained damages. On March 5, 1993, Moran filed an application for a preliminary injunction and an *ex parte* temporary restraining order in which he asked that the defendants be prevented from transferring the promissory note he had signed, and from taking any action to enforce the note. The District Court granted Moran's request for an *ex parte* temporary restraining order on March 31, 1993. Defendants disqualified District Judge Michael H. Keedy, and Judge Ted O. Lympus assumed jurisdiction. On August 13, 1993, the District Court modified the *exparte* temporary restraining order. It enjoined defendants from transferring the promissory note, but dissolved all other aspects of the order.

On August 19, 1993, defendants filed a motion to dismiss Moran's complaint. On May 12, 1994, the District Court granted defendants' motion to dismiss based on its conclusion that pursuant to the parties' contract, venue was proper in Missoula County.

Prior to the District Court's dismissal of Moran's complaint, defendants had already filed a complaint in the District Court for the County of Missoula to enforce the promissory note between them and Moran.

3

ISSUE  1

Did the District Court err when it refused to enjoin defendants from bringing a foreclosure action?

Moran contends that the District Court erred when it refused to continue that part of the temporary restraining order which enjoined the defendants from commencing any action to enforce the promissory note which had been executed by the parties.  He contends that had the District Court enjoined the Missoula County action, the issues raised by his complaint in Flathead County, and the foreclosure action commenced by the defendants in Missoula County could have been resolved in one action and that multiplicity of litigation could have been avoided.

> The allowance of a preliminary injunction is vested in the discretion of the District Court, the exercise of which the Supreme Court will not interfere with except in instances of manifest abuse. *Porter v. K & S Partnership* (1981), [192 Mont. 175,] 627 P.2d 836.  In reviewing this discretion, the question is whether the trial court acted, "[A]rbitrarily without the employment of conscientious judgment or exceed[ed] the bounds of reason, in view of all the circumstances, ignoring recognized principles resultir in substantial injustice." *In Re the Marriage of Jermuson v. Jermuson* (1979), *181* Mont. 97 at 100, 592 P.2d 491 at 493; citing *Porter v. Porter* (1970), 155 Mont. 451, 473 P.2d 538.

*Smith v. Ravalli County Bd. of Health* (1984), 209 Mont. 292, 295, 679 P.2d 1249, 1251.

In this case, because we affirm the transfer of venue from Flathead County to Missoula County, and because the Missoula County District Court has the authority to consolidate plaintiff's complaint and defendants' complaint, multiplicity of litigation can

4

be avoided without the preliminary injunction sought by Moran. Therefore, we conclude that the District Court did not abuse its discretion, and we affirm the District Court's refusal to enjoin defendants from commencing any action to enforce the promissory note executed by them and Moran.

## ISSUE 2

Did the District Court err when it concluded that pursuant to the parties' contract, the proper venue for the claims raised by the plaintiff was in Missoula County?

Moran contends that the District Court erred when it concluded that venue was proper in Missoula County. He contends that pursuant to §§ 25-2-121(b), -123, MCA, Flathead County was the proper venue for his complaint because that is the location where his contract with the defendants was to be performed, and because his complaint was for damage to real property. He also contends that pursuant to § 25-2-201(3), MCA, venue, even if proper in Missoula County, should be transferred to Flathead County to promote convenience of witnesses and the ends of justice.

However, paragraph eight of Moran's contract with the defendants provides that "[i]f any suit or action is commenced, Purchaser agrees that the venue of said action shall be in Missoula County, Montana, and further agrees to pay AMCO a reasonable attorney's fee therein." In *Montana Wholesale Accounts v. Pennington* (1988), 233 Mont. 72, 758 P.2d 759, we held that contractual stipulations for venue in the event of a contract dispute do not violate the public policy of this state, and are in fact authorized by

5

§ *25-2-202*, MCA.  We further held that when faced with a motion to change venue from the county agreed upon by the parties for the convenience of witnesses or to promote the ends of justice pursuant to § 25-2-201, MCA,  the district court's decision will not be disturbed in the absence of clear evidence of abuse of that discretion. *Penington*, *758* P.2d at 760.  Based on the record before us, we  conclude that the District Court  did not abuse its discretion when it concluded that the proper venue for Moran's complaint was Missoula County.

ISSUE  3

Did the District Court err when it dismissed plaintiff's complaint based on its conclusion that venue was proper in Missoula County?

We review a district court's conclusions regarding venue to determine whether they are correct.  *State v. Pegasus Gold Corp.* (Mont. 1995), *889* P.2d 1197, 1199, 52 St. Rep. 64, 65 (citing *Carter v. Nye* (1994), *266* Mont. 226, *228, 879* P.2d 729, 730).

Section 25-2-112, MCA, provides that "[t]he designation of a county . . . as a proper place of trial is not jurisdictional and does not prohibit the trial of any cause in any court of this state having  jurisdiction."

Section 25-2-201(1), MCA, states that when the county designated in the complaint is not the proper county, the court must, on motion, change the place of trial.  There is no provision

for dismissal of an action over which the district court has jurisdiction because venue is more appropriate in another county.

We conclude that the District Court erred when it dismissed Moran's complaint based on its conclusion that the proper venue was in Missoula County. That part of the District Court's order is reversed. Based on its conclusion, which we have affirmed, that venue is proper in Missoula County, the District Court should, after remand of this matter, transfer Moran's complaint to the District Court for the Fourth Judicial District in Missoula County.

As a related issue, Moran contends that the defendants waived any right they had to move for a change of venue by not making that motion at the time of their initial appearances, as required by Rule 12(b) (i) and (ii), M.R.Civ.P. However, we conclude that the time of either defendant's initial appearance is anything but clear based on the record in this case, and therefore, hold that the District Court did not abuse its discretion when it concluded that defendants moved for a change of venue at the time of their initial appearance.

<u>ISSUE 4</u>

Was it an abuse of process for defendants to commence their foreclosure action in Missoula County while plaintiff's claim was still pending in Flathead County?

Based on our decision in *Leasing, Inc. v. Discovery Ski Corp.* (1988), **235** Mont. **133, 765** P.2d 176, Moran contends that the defendants' commencement of an action in Missoula County while this action was still pending was an abuse of process. However, the facts in *Leasing*,

7

*Inc.*, are distinguishable from those in this case. The contract between the parties in that case actually provided that the place of performance was in the county where the initial suit was brought. We held that the second suit was an abuse of process, not because the first suit was pending, but because bringing it at a different location was contrary to the terms of the contract that the parties sought to enforce. The reason for our conclusion is plain from the concluding paragraph of that decision where we held that:

> Nonetheless, Discovery, with full knowledge of the pending Lewis and Clark County District Court suit by Leasing, filed an action against Leasing, in the Justice Court of Granite County. This was an attempt by Discovery to thwart the plain provisions of the written contract, and a use of the court system to accomplish that goal. Such action constituted an abuse of process. *Brault v.* Smith (1984), 209 Mont. 21, 28-29, 679 P.2d 236, *240.*

*Leasing, Inc.,* 765 P.2d at 178.

For these reasons, we conclude that, based on the facts in this case, the defendants' commencement of a second action in Missoula County was not an abuse of process

The order of the District Court, except for its dismissal of Moran's complaint, is affirmed. This case is remanded to the District Court for further action consistent with this opinion, including transfer of Moran's complaint to the District Court for the Fourth Judicial District in Missoula County, Montana.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as

8

precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices