# GARY D. FJELSTAD, as conservator of MAREIA ELLEN FJELSTAD, a Protected Person, Plaintiff and Appellant,
v.
# STATE OF MONTANA, acting through its Department of Highways, Defendant and Respondent.

No. 95-480.
Submitted on Briefs June 4, 1996.
Decided June 25, 1996.
53 St.Rep. 565.
277 Mont. 112.
918 P.2d 674.

For Appellant: **Donald W. Molloy**, Molloy Law Offices, Billings; **Theodore R. Dunn** and **Richard Dolan**, Goetz, Madden & Dunn, Bozeman.

For Respondent: **R. H. Bellingham** and **Harlan B. Krogh**, Moulton, Bellingham, Longo & Mather, Billings.

JUSTICE ERDMANN delivered the Opinion of the Court.

This is an appeal of the judgment and jury verdict entered by the Sixteenth Judicial District Court, Treasure County. We reverse and remand for a new trial.

The issues on appeal are as follows:

1. Did the District Court err in not approving the stipulation for change of venue?

2. Did the District Court err in refusing to remove two jurors for cause?

3. Did the District Court err in regard to the requirements of Senate Bill 212, as amending § 27-1-703, MCA?

## FACTS

This case was previously before this Court in *Fjelstad v. State* (1994), 267 Mont. 211, 883 P.2d 106. Ellen Fjelstad was driving her car west on Interstate 94 in 1988 when she swerved, left the highway, and struck the end of a guardrail. There were three passengers in the car; two of Ellen's daughters and another young girl. Ellen and the other girl died, and Ellen's daughter, Mareia, suffered significant injuries.

Gary Fjelstad, as conservator for Mareia, sued the State of Montana to recover damages she had sustained resulting from its alleged negligent design, placement, installation, or maintenance of the guardrail section at which the accident occurred. The case went to trial and the jury found for the State.

Fjelstad's attorney filed a motion for a new trial and also requested sanctions, alleging that the State had failed to disclose certain documents in discovery. The attorney had discovered, through conversations with another attorney, that the State had letters in its possession which related to updating outdated guardrails and increasing the height of the guardrails when an overlay was conducted. The attorney for the State had these letters in his possession when the

discovery request was made, but determined that they were not relevant to the request and therefore did not disclose them. The District Court determined, however, that the letters were relevant and could have resulted in a different verdict. On that basis, the District Court ordered a new trial but denied sanctions. The State appealed and Fjelstad cross-appealed.

This Court affirmed the District Court's grant of a new trial, reversed the District Court on the sanctions issue, and remanded the matter for a hearing on the sanctions. The District Court ultimately awarded Fjelstad $30,000 based on the State wrongfully withholding the information.

Prior to the second trial, at the hearing on the sanctions, the State's attorney approached Fjelstad's attorney and suggested that the parties stipulate to a change of venue. Fjelstad's attorney agreed and the matter was presented in open court. Both parties stipulated to a change of venue and it was later memorialized in a written document and filed with the court. Despite the stipulation, the District Court denied the venue change.

The matter was tried in Hysham, and following a three-day trial the jury again returned a verdict for the State. Fjelstad appeals from the judgment adopting the jury verdict and the alleged errors of the District Court regarding venue, jury selection, and the requirements of § 27-1-703, MCA.

## DISCUSSION

Did the District Court err in not approving the stipulation for change of venue?

We have previously stated that the standard of review of a trial court's interpretation of the law is whether the court correctly interpreted the law. *Common Cause v. Statutory Committee* (1994), 263 Mont. 324, 328, 868 P.2d 604, 606; *Bankers Life and Casualty Co. v. Peterson* (1993), 263 Mont. 156, 158, 866 P.2d 241, 242.

Section 25-2-202, MCA, provides:

All the parties to an action, by stipulation or by consent in open court entered in the minutes, may agree that the place of trial may be changed to any county in the state. Thereupon the court *must order* the change as agreed upon.

(Emphasis added.)

The predecessor to this statute was the identical provision set forth in § 9102, RCM (1921). This Court considered that provision in *State ex rel. Bonners Ferry Lumber Co., Ltd. v. District Court* (1925), 74

Mont. 338, 240 P. 388. In *Bonners Ferry* the parties had agreed to a change of venue and the district court granted the change. However, it retained jurisdiction of the case for purposes of ruling on a separate matter. We held that the agreement to change venue, tantamount to a stipulation, required the court to order the change and to pass upon any further collateral issues. *Bonners Ferry*, 240 P. at 390.

The State argues that the present case is distinguishable from *Bonners Ferry*. Its argument is based on the fact that one of the parties in that case was a foreign corporation with its primary place of business in Libby, and therefore, it had an additional statutory right to change venue which does not exist in this case. This argument fails to address the plain language of § 25-2-202, MCA, which does not require any additional statutory reason to exist before the court is bound to grant a stipulation for change of venue.

The State relies on our holding in *Montana Wholesale Accounts v. Penington* (1988), 233 Mont. 72, 758 P.2d 759, to assert that the District Court had discretion to deny the change of venue in spite of the stipulation. In that case, the parties had entered into two agreements for the purchase and installation of signs. The agreements contained a clause setting forth Yellowstone County as the proper venue for any suit for action upon the contract. A suit was commenced in Yellowstone County in accordance with the venue clause.

The defendant filed a motion for change of venue pursuant to § 25-2-121, MCA, which places venue for actions upon contracts. The motion was denied. The defendant then filed a motion to change venue for the convenience of witnesses pursuant to § 25-2-201(3), MCA, which was also denied. On appeal, we held that when faced only with a provision equivalent to a stipulation of venue the district court *must* place venue in the stipulated county. *Montana Wholesale*, 758 P.2d at 760. While there was language in *Montana Wholesale* indicating that a court could consider the convenience of the witnesses where there was a stipulation for venue, those comments were in response to defendant's motion for change of venue for convenience of witnesses pursuant to § 25-2-201(3), MCA.

In the present case, unlike *Montana Wholesale*, there was no motion for change of venue for the convenience of the witnesses. Both parties were concerned with the size of the jury pool in Treasure County. A stipulation, initiated by the State, was discussed and agreed to in open court as required by § 25-2-202, MCA. The stipulation was executed and filed with the Court.

The State argues that the denial of the stipulation considered the convenience of the witnesses and/or the ends of justice. However, there was no motion pursuant to § 25-2-201(3), MCA, and the record does not reflect that the District Court considered the convenience of the witnesses and/or the ends of justice in denying the stipulated change of venue.

The State goes on to argue that it withdrew the stipulation prior to trial and it was therefore no longer in effect at the time the trial began. This ignores the fact that the District Court denied the venue change nearly two months prior to trial and that the Court's incorrect interpretation of § 25-2-202, MCA, occurred at that time. Finally, the State argues that the second trial in Hysham did not result in any prejudice to Fjelstad. Since the District Court erred as a matter of law in regard to the venue stipulation, we need not reach the issue of prejudice.

We have previously held that when the statute contains the word "must," this clearly indicates that the statutory commands are mandatory and not discretionary. *OEA Research, Inc. v. McGee* (1985), 217 Mont. 321, 325, 704 P.2d 1042, 1045; *Butte Country Club v. Dept. of Revenue* (1980), 186 Mont. 424, 429, 608 P.2d 111, 114. It is well established that when the terms of a statute are plain, unambiguous, direct, and certain, the statute speaks for itself and there is nothing for this Court to construe. *State v. Mummey* (1994), 264 Mont. 272, 277, 871 P.2d 868, 871.

Thus, where, as here, there was no motion to change venue based on convenience of the witnesses, under the plain language of § 25-2-202, MCA, the District Court erred in its interpretation of the law and did not have discretion to deny the stipulation for change of venue to Billings.

Having disposed of the venue issue in favor of Fjelstad, we need not address the issues of juror selection or the requirements of § 27-1-703, MCA.

Reversed and remanded for a new trial consistent with this opinion.

CHIEF JUSTICE TURNAGE, JUSTICES TRIEWEILER, GRAY and LEAPHART concur.